No. 12,380.

OSCAR AUGUSTE DUVERNET VS. MORGAN'S LOUISIANA & TEXAS RAILROAD AND STEAMSHIP COMPANY.

The passenger alighting from the train stopping at the meal station, attempting, under circumstances fully apprising him of the risk, to reach the eating house by passing so close to the baggage car while the baggage is being unloaded as to be injured by a trunk falling on his foot, has no claim for damages, though the passage he chooses to select is used by passengers, there being another path to the eating house as convenient and direct, free from all risk or obstruction, and provided by the company for passengers to reach the eating house.

APPEAL from the Seventeenth Judicial District Court for the Parish of Lafayette. *DeBaillon, J.*

---

*Orther C. Mouton* for Plaintiff, Appellee.

*Leovy & Leovy* and *Garland & Dupré* for Defendant, Appellant.

Submitted on briefs February 16, 1897.
Opinion handed down March 15, 1897.

The opinion of the court was delivered by

MILLER, J. The plaintiff sues for damages for injuries caused by a heavy trunk falling on his foot from the baggage car of the defendant's train on which the plaintiff was a passenger. The defendant appeals from the judgment awarding plaintiff one thousand dollars.

The facts substantially are, that plaintiff, in undertaking to pass in front of the baggage car when the baggage was being unloaded at a railroad station, received the injury for which he claims damages. The passage on which the plaintiff was when the accident occurred is about ten feet; on one side was the train of cars, on the other the baggage room of the depot building, and in front of this room was the baggage car, with its open door to permit the unloading of the baggage; on this space between the baggage car and the baggage room, when the plaintiff attempted to pass, was a truck, a number of trunks, so occupying the narrow passage as hardly to leave room for any one to go by; as plaintiff approached the car porter, but a few feet in plaintiff's front, was in the act of moving away a trunk just unloaded, and the trunk that fell on plaintiff's foot was being shoved from the car, the plaintiff in his progress reaching the front of the car at the moment when the trunk in its descent struck his foot. The train had stopped at the station to afford the passengers the opportunity for a meal. The plaintiff's purpose in alighting from the train was to obtain letters he expected at that place, and to partake of the meal, for which fifteen minutes was allowed. The passage along which he walked led him to the place to get his letters, and also to a plank walk laid from the railroad track to the eating house, and it is in evidence that passengers used that passage to reach the eating house, though it led the plaintiff by the baggage car where the unloading of trunks was being effected. There was, however, another way provided by the company for passengers to reach the eating house; one of the witnesses calls it the regular path, and it is shown to be as convenient and direct as that the plaintiff chose to selec'.

The argument for the plaintiff is in great part devoted to the proposition that the pathway on which he walked was used by the train passengers with the knowledge and assent of the company; that the path was connected with the plank walk leading to the eating house, and while there is some variance in the testimony, its general tendency is to show that the path selected by plaintiff was used as much as the other to reach the eating house, hence plaintiff contends he had the right to be there and to protection from the alleged imprudence of the company's employees in unloading the baggage car. The line of authority on which plaintiff relies is undoubtediy, to the effect that all portions of the railroad depot, permitted to be used as approaches, standing places or exits, the passenger is entitled to use for purposes incident to his travel. The text writers lay down the rule and our jurisprudence affirms it. Hutchison on Carriers, Sec. 561 *et seq.;* Sullivan vs. Railroad Co. 39 An. 800.

In our view, however, there is another principle that must exert controlling influence in our decision. The plaintiff knew the path he chose led by the baggage car from which the trunks had to be unloaded. It is true the company used no skids, but it does seem to us the plaintiff had the intimation of the process of unloading quite as effectively as that by skids projecting from the car. The impetus of the trunk derived from skids, if used, would have caused in all probability the trunk to come in contact with plaintiff's foot with greater force. There was the truck lying in front of the baggage car; the trunks already unloaded lying around obstructing the passage, provoking the remark of passengers like plaintiff attempting to go by, "there was no room, the trunks were in the way, they were loading and unloading;" the porter was a few feet in plaintiff's front removing a trunk just unloaded; the baggage car, with its open door plainly denoting the purpose, was on his left in full view, and as plaintiff in his approach came near, the employee was in the act of shoving the trunk that in its descent struck the plaintiff's foot. Giving due weight to the fact there was no one posted there to warn the approaching passenger, it seems to us the surroundings gave all the admonition any other warning could convey. Under all these circumstances the plaintiff continued his progress, passing so close to the car as to receive the falling trunk on his foot. We observe, too, that but a slight deflection on his part, had he paid any attention, to

the right, would have saved him. The petition alleges the trunk was thrown from the car, but the testimony shows no such method, and it is clear to us, with ordinary care, the plaintiff could have come to no harm from that mode of unloading.

In this class of cases the law regards the conduct of the plaintiff in connection with the injury of which he complains. If imprudent himself, he can not recover unless his neglect is overshadowed by greater neglect or recklessness of the other party, so as to make it in legal contemplation the cause of the accident. We find no such relation of plaintiff's imprudence with that imputed to the defendant, when it is considered, too, that the defendant had provided another way to the eating house free from any obstruction or risk, as direct and convenient to the eating house as that plaintiff chose, though longer for that other purpose of plaintiff in alighting. We are constrained to hold the accident was due to plaintiff's imprudence in seeking under the circumstances to pass the baggage car, and because with the other perfectly safe way provided, he selected that attended with the risk he encountered and from which he suffered. Wharton on Negligence, Sec. 361; Johnson vs. Canal & Claiborne Railroad Company, 27 An. 53-54.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and annulled, and it is further ordered and adjudged that plaintiff's suit be dismissed with costs.