BREAUX, C. Jl
This is an appeal from a judgment of the district court, without a jury, rendered in favor of plaintiff, condemning defendants to pay to plaintiff the sum, of $2,500 with 5 per cent, interest per annum from the 12th day of November, 1909, the date of the judgment.
Plaintiff brought suit for $4,000.
She answered the appeal and asked for an increase of the judgment to the amount she claims.
Plaintiff was returning from Shreveport with her son, an invalid, upon whom a surgical operation had been performed a short time previous. The son was assisted by a physician and his brother at the town of Athens, La., to get from the railroad to the buggy near by. Plaintiff was following behind these persons, when she fell.
The injuries of which she complains are a broken collar bone — left—loosening it from the shoulder blade, a broken shoulder blade, a fractured arm, and bruises, and severe shock. As a result of the injuries, she alleged that she was confined to her bed many weeks, suffered great pain, and still suffers, and that her left arm and shoulder are permanently injured and rendered of little use.
The cause of the accident is that on a dark night the depot gallery at Athens, La., was not lighted; that she could not see her. way over the gallery and platform to the steps, down which it was necessary for her to walk; that the platform extension was not protected by rails.
In the darkness, she could not see how near the edge of the platform she was as she approached the steps. She stepped or fell off the platform and fell to the ground a distance of about three feet. She fell on her left side on the west of the platform— the side away from the railroad track.
The defendant filed an exception alleging want of citation and service.
The exception was overruled.
Defendant filed a general denial, and alleged that if plaintiff received injury it was the result of her negligence.
Plaintiff is about 53 years of age, is the *440 mother of a family, and was a passenger on defendant’s passenger train from Gibbsland on the Vicksburg, Shreveport & Pacific Railroad to her home in Athens, La.
The train was late and arrived at Athens between 8 and 9 o’clock at night — a night in December, 1909.
As to whether it was a dark night, the plaintiff testifies that it was dark, so does the physician, Dr. Simpson, who was present and dressed her wounds. He also corroborates plaintiff in the statement that there was no light about the platform or gallery; that there was a light in the office room of the depot; that it did not extend to the platform off of which plaintiff fell.
That the light from the office had, if any, the effect to blind the pedestrian who walked from the lines of light into the darkness.
Another witness, the former mayor of Athens, testified that the platform was some 6 ■ or 7 feet wide, and the extension from where it left the main depot gallery to the steps was about 40 feet; that there was no stationary light on or near the platform, casting light thereon. While there were lamps inside the depot at night, there were none throwing light on or near the platform.
Exception to Citation.
Defendant’s plea of want of citation was that there was an absolute failure to serve the citation.
Plaintiff named the secretary of the company as the officer designated by the charter of the company on whom to make service.
The defendant seeks to hold plaintiff to the letter of this allegation, and, as it was not served on the secretary, he urged that there, was no legal service.
The sheriff in his return states, in substance, that he repaired to the office of the defendant company in the town of Ilomor, La., the domicile of the corporation, and inquired for the secretary of the corporation; ,as he intended to make service upon him. He was informed that the secretary was absent from the office, and, as there were no other officers present, he served the papers by handing them to a person (naming him) working in the defendant’s office and having the required age.
The law’s requirement is that citation with accompanying papers shall be served by the sheriff upon the corporation by leaving the citation and papers at the office of the corporation cited. Act No. 261 of 1908, p. 381.
This provision of the law was complied with by leaving the papers at the office of defendant with a person authorized to receive them for the company.
The exception was properly overruled.