MONROE, J.
Defendant (relator herein), having been sued in the Third ward justice court for Washington parish, excepted that it had not been legally cited, and the exception was overruled, and thereupon judgment was rendered against it on the merits, which ruling and judgment were affirmed on appeal by the district court, whereupon it made the application which we are now to consider for the review of those rulings.
Citation, properly addressed, was issued in the case, but the return of service reads as follows:
“Received this original citation, together with one certified copy thereof, in office, Jan. 3, 1911, and, on Jan. 11, 1911, served said certified copy on N. G. Pearsall, in person, he being the General Manager of the N. O. G. N. R. R. Co.,, about 25 miles east from the place of holding 3rd Ward Justice Court, and make this my return. Jan. 12, 1911.
“[Signed] A. O. Williams, Dy. Sheriff.”
It was admitted on the trial of the exception:
“That, prior to December 1, 1910, N. G. Pearsall, general manager of the defendant company, was always served with legal process in suits against the company, on account of his being .the person highest in authority present in the state; that about December 1, 1910, H. I. Miller was made vice president of the New Orleans Great Northern Railroad Company and took charge of the office of said company at Bogalusa, Washington parish, La., the domicil of the company; that he was acting in that capacity at the time this suit was filed, and was the highest officer of the company in Washington parish.”
The charter of the company provides that:
“ * * * All citations or other legal process-shall be served upon the president of said corporation, or, in the case of his absence, upon the vice president thereof, and, in the absence of both of said officers, upon the secretary of said corporation.”
The law applicable to the case is Act No. 261, of 1908, p. -380, which, with the title,, reads:
“An act to provide the manner in which sheriffs, and constables throughout the state shall make service of citation, issued by the courts,, upon corporations, and providing the manner in which returns to the court issuing citations shall be made.
“Be it enacted * * * that service of citation issued by any court of this state upon a corporation shall be served by the sheriff, or constable, of the court issuing said citation upon said corporation by leaving said citation at the office of the corporation cited; the officer-of court serving said citation to inquire, first, for the president of said corporation or the officer designated by the corporation’s charter to-receive citation, upon whom the citation shall be served, and, if the president of said corporation or the officer designated by the corporation’s charter upon whom citation shall be made be absent from the office, then, the officer of the court making the service shall serve the citation upon any other officer of said corporation, and, if no other officer of said corporation be present, then, the sheriff or constable shall deliver said citation to any male employé of *741 said corporation,' provided said employé be over the age of fourteen years.
“Be it further enacted: That the sheriff or constable making said service shall recite in his return to the court issuing said citation the manner in which the service was made and give the name of the person to whom the citation was handed.
“Be it further enacted: That all laws and parts of laws in conflict with this act be and they are hereby repealed.”
[1] It will be thus seen that the plain requirements of the law are (1) that service of citation on a corporation shall be made by the sheriff or constable of the court issuing such citation; (2) that such sheriff or constable shall make the service by leaving the citation at the office of the corporation; (3) that, before leaving the citation, the sheriff or constable shall, first, ascertain, by inquiry, whether the president or other officer who may be designated by the charter of the corporation to receive citation is present, and if he is, shall make the service upon him — i. e., upon the officer so designated— (4) that, if the officer so designated be absent from the office, the sheriff or constable shall make the service upon any other officer of the corporation whom he may find in the office; (5) that, if neither the officer so designated nor any other officer of the corporation be present in the office, the sheriff or constable shall make the service upon any male employé over the age of 14 years whom he may find in the office; (6) that the sheriff or constable shall make a return showing the manner in which the service was made, that is to say, showing that it was made at the office of the corporation by leaving the citation in the hands of the named officer designated by the charter of the corporation to receive citations, and found in the office; or that he was absent, and that the citation was left in the hands of some other named officer found in the office; or that, no officer being present, it was left in the hands of a named male employe over the age of 14 years, found in the office.
It will also be seen by reference to the return of the deputy sheriff that none of these requirements have been complied with in the instant case. That return shows that the service was not made at the office of the corporation; and it fails to show that the general manager, upon whom the service was made, was the officer designated by the charter of the corporation to receive such service, or that it was made upon him after the deputy sheriff had ascertained by inquiry that the officer so designated was absent from the office. Upon the other hand, it is affirmatively shown by the evidence that the general manager is not the officer so designated, and it is admitted that the vice president who is thus designated to act, in the absence of the president, had charge of the office of the company, and was acting in his official capacity when this suit was instituted.
[2] It is therefore clear that there has been no legal citation; and it is accordingly ordered, adjudged, and decreed that the rulings of the district court and of the justice court upon defendant’s exception to the citation, as, also, the judgments of those tribunals, condemning defendant upon the merits, of the case, be annulled, avoided, and reversed; and it is further decreed that this, case be remanded to the justice court, to. be there proceeded with according to law,, all costs incurred by, and after, the filing of said exception, including the costs of this: proceeding, to be paid by plaintiff, and all other costs to await the final result.