SOMMERYILLE, J.
Relator was sued before the justice of the peace of Ward 3, Winn parish; and judgment was rendered against it. On appeal to the district court that judgment was affirmed. It is now before us, asking for a review of those proceedings.
The judgment of the district court appears to have been rendered March 28, 1911, less than 30 days before the application for review was filed in this court on April 27, 1911, even if respondents’ contention were correct that such application must be made within 80 days after judgment in the district court.
Complaint is made of the service of citation. The return on the citation is as follows:
“Received the within citation, together with certified copy of the same on the 11th day of September, 1909, and on the same day and date I made service of the same on the Tremont & Gulf Railroad Co., by delivering the said certified copy to W. B. Mann, the general'manager of the said Tremont & Gulf Railroad Co. at his office in the town of Winnfield, La., and make this my return on this the 23d day of September, 1909. D. F. Dunn, Constable.”
The act' of incorporation of relator (article 2) provides:
“The domicile of this corporation shall be at Tremont, Lincoln parish, Louisiana, and all citations and other legal processes shall be served on the president,' or in his absence, on the vice-president or the secretary or treasurer, or on the general attorney of said corporation, in the-order named, and at the domicile.”
The validity of the service of a similar-citation, considered in connection with -a like provision of the charter just quoted, and of Act No. 261 of 1908, p. 380, was fully considered in the case of Carter C. Welch v. New Orleans Great Northern R. R. Co., In re N. O. Great Northern R. R. Co., 55 South. 338,[1] applying for a writ of certiorari No. 18,795, on the docket of this court, decided May 8, 1911, and for the reasons therein given,
It is ordered, adjudged, and decreed that the rulings of the district court -and of the-justice of the peace upon defendant’s exception to the citation as, also, the judgments of those tribunals, condemning defendant upon the merits of the case, be annulled, avoided, and reversed; and it is further decreed that this case be remanded to the justice of' the peace of Ward 3, Winn parish, to be there proceeded with according to law, all cost incurred by and after the filing of said exception, including the cost of this proceeding, to be paid by plaintiff; and all other cost to await the final result. ,

Ante p. 738.