BREAUX, C. J.
Plaintiff sued to recover $3,000 for an alleged personal injury.
The case was tried before the court, without a jury.
The lower court allowed him $600.
Defendant appealed.
Plaintiff is a locomotive engineer employed on the tramway of the Boleyn Lumber Company of Natchitoches. He avers that there was a rotten plank in the platform of the depot in the town of Marthaville, in which he has his home.
That on the night of the 1st of March, 1911, he left his home and walked in the direction of the depot and procured a railroad ticket; that while waiting for the train he felt the necessity of going to a privy, and while walking on the platform of the depot, seeking to return from the privy, his left foot and leg passed through a hole in a rotten plank, and his leg was lacerated from foot to knee; that he severely wrenched his thigh and injured his back and kidneys.
The defendant did not deny that plaintiff’s foot and part of his leg broke through the platform erected on its station at Martha-ville, but denied that this platform was part of or connected with the Marthaville passenger station, or that it was built for passengers ; averred that it was a freight platform, where passengers have no right to go; that this was well known to the plaintiff, and that he, in the dark, stepped upon it carelessly and recklessly; and that whatever injury he suffered was by his negligence.
Defendant denied special liability for fee of plaintiff’s attorney, or any liability for exemplary damages.
The night was dark, and it was drizzling. Plaintiff went to the closet. He walked over an alleyway on the ground to the place, climbed the steps near the closet, and returned on the platform. There was nothing on this platform to admonish pedestrians not to walk thereon.
The depot at that place- was a freight depot, and the platform in front was used mostly in connection with defendant’s freight business. There was a water tank on the platform. It is admitted that this platform was open to the public and constantly used by shippers in receiving and hauling freight. Quite a number of persons went upon the platform and drank water from the water tank.
The hole in the tank through which plaintiff fell was about 5 inches at one end and 8 at the other, and about 12 inches in length. It had been there for some time — about six months.
*629 The shortest and best way to reach the closet was on the ground. Sometimes, however, there was obstruction. It happened that at times it was found more convenient to pass over the platform. Some of the witnesses were indifferent, and said that one way was as passable as the other, without thinking that there was danger in either. The two closets were labeled to indicate their use as depot station closets.
Among the number of witnesses who testified in the case was plaintiff’s physician, who swore that he occasionally went on the platform for water at the tank; and that he walked back to the end of the platform pretty much as plaintiff did on the night of the accident.
The contention of defendant, substantially, is that with ordinary care plaintiff would have come to no harm.
It is not in the nature of things to make extraordinary inquiry on occasions such as stated and sworn to. The station agent is not always at hand. Besides, station agents and others are not always the most willing persons to answer inquiries. This is not always the most pleasant, and questions are not always answered with consideration.
This is to state that plaintiff was not at fault in seeking his way without special inquiry, particularly as he was a resident of the town and presumed to know the way.
[1, 2] It was not unreasonable to assume that defendant had a reasonably safe platform for the use of its employés and of those who had occasion to walk over it by walking up the steps at one end and descending the steps at the other, on the way to or from, the closet. It was only natural enough on a dark, drizzly night to seek a way over the platform, after having ascended the inviting steps, walk across, instead of following the path on the ground, muddy, wet, and slippery.
Defendant, in seeking to resist the demand of plaintiff, confidently cites Duvernet v. Railroad Co., 49 La. Ann. 484, 21 South. 644. We do not find it possible to apply the rule laid down in that case. The facts are entirely different. Plaintiff, seeking damages in the cited case, was hurt in the daytime, and not at night, as in the present ease.
One is negligent who does not, as in the cited case, in open day, avoid the danger described in the cited decision.
In the case next cited by defendant, the person who fell was a mere idle spectator on defendant’s ground at the station, in search of pleasure and' convenience. Moreover, the platform in the cited case was used exclusively, it was well known, for freight. Burbank v. Railroad Co., 42 La. Ann. 1159, 8 South. 580, 11 L. R. A. 720.
In the last-cited ease, cited by defendant, the plaintiff’s son is mentioned in the opinion as a trespasser who had been warned of the danger. Settoon v. Railroad Co., 48 La. Ann. 809, 19 South. 759.
None of these decisions are persuasive; the facts in the present case not being similar.
Defendant’s platform should have been reasonably safe for passengers, as it was not exclusively used for freight.-
We have noted that plaintiff was at the depot and had bought his ticket, expecting to take the next train in a few minutes.
If the platform is not entirely safe, there should be notice of some kind given. Abney v. Railroad Co., 127 La. 437, 53 South. 678.
Nearly everywhere, whenever it is intended not to let a platform, or anything else about a railroad station, be used by the public, there is notice of some kind given. Then it becomes generally known that it is not intended for public use. I-Iere there was no notice. There was some sort 'of impression, as we gather from the evidence, among defendant’s employés that the earth path should be followed, instead of the way on the *631 platform. We have not found that there was the negligence charged.
[3] Contributory negligence must be evident, or in doubtful cases the judgment appealed from will not be reversed. Ferringer v. Crowley, 122 La. 441, 47 South. 763; Buechner v. City, 112 La. 599, 36 South. 603, 66 L. R. A. 334, 104 Am. St. Rep. 455.
No exemplary damages were allowed, nor fee of attorney.
We affirm the judgment.