(68 South. 133)

No. 20071.

HAM v. LOUISIANA & N. W. R. CO. et al.

(March 8, 1915. On Application for Rehearing, April 12, 1915.)

*(Syllabus by the Court.)*

COURTS ⊜224—JURISDICTION OF SUPREME COURT—AMOUNT INVOLVED.

This court will not assume jurisdiction of a case where the plaintiff first sued for damages in an amount below our jurisdiction and, after the suit was dismissed on an exception of no cause of action, sued on the same cause of action for a sum within our jurisdiction, without referring to the former suit or assigning any reason for increasing the demand, and where the judgment rendered is for a sum far below our jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. ⊜224.]

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; W. T. Cunningham, Judge.

Action by Mrs. Sarah J. Ham against the Louisiana & Northwest Railroad Company and others. From judgment for plaintiff, defendants appeal. Appeal transferred to the Court of Appeal, and rehearing refused.

John A. Richardson, of Homer, and Smith & Dismukes, of Natchitoches, for appellants. Jones & Gunter and J. D. Rusca, all of Natchitoches, for appellee.

O'NIELL, J. The plaintiff sued for $1,000 damages for personal injuries alleged to have been suffered by falling into an underground cistern on the defendant's premises, and for $500 punitory damages. Her suit was dismissed on an exception of no cause of action. She did not appeal, but filed another suit for $5,000 actual damages and for $2,500 punitory damages, on the same cause of action, without reference to her former suit.

The defendants filed pleas of res adjudicata, which were overruled, and, after answering the petition, filed pleas of estoppel, asserting that the plaintiff was estopped and bound by her allegations in her former suit.

Judgment was rendered in favor of the plaintiff for $500 against the defendant railroad company, and the latter has appealed.

As the plaintiff has not alleged any reason for increasing her demand from $1,500 to $7,500, and as her counsel have suggested no reason why she should not be bound by her judicial averments in her former suit upon this cause of action, we conclude that the increase of the demand was made for no other purpose than to bring the case within the jurisdiction of this court, and that the increase in the demand is not otherwise serious. No motion has been made to dismiss the appeal, and, except for the want of jurisdiction, it has been properly brought up.

It is therefore ordered that this appeal be transferred to the Court of Appeal, Second Circuit, parish of Natchitoches; the appellant to pay the cost of the appeal to this court.

On Application for Rehearing.

SOMMERVILLE, J. In transferring this case to the Court of Appeal, the court will exercise the authority conferred upon it by Act No. 229 of 1910, p. 388, and impose the costs of appeal to this court upon the plaintiff appellee.

Defendant was led into the error of appealing to this court through the fault of plaintiff, who sued for an inflated amount.

It is therefore ordered, adjudged, and decreed that the decree herein is amended so as to condemn plaintiff appellee to pay the costs of appeal to this court.

Rehearing refused.