O’NIELL, J.
The plaintiff sued for $15,000 damages for personal injuries. The jury gave a verdict in his favor for $3,000; and, from the judgment rendered thereon, the defendant has appealed. The plaintiff has answered the appeal, praying that the amount of the judgment be increased to $10,000.
At the time of the accident, the plaintiff was employed at a planing mill, in Gary-ville, a few hundred feet from the defendant’s railroad tracks, and he resided on the opposite side of the tracks, only three or four minutes’ walk from the point where Main street crosses the tracks. He was returning from his dinner to his work, and, when he approached the railroad crossing on Main street, it was obstructed by a freight train of the defendant company. Several fellow employés of the mill, perhaps 25 or 30, were waiting there for the train to pull out or open the way so that they could proceed to the mill. The train had backed up to three or four freight cars, which had been left standing on the track while the balance of the train was switching other cars; and the crew was trying to couple the train onto these standing cars. At the first impact, the coupling did not hold, and the standing cars were knocked back a few yards: The second attempt to make the coupling also failed, and the standing cars were kicked back a few yards further. A car repairer, or “car knocker,” adjusted the coupling in a moment, and when the cars came together the third time the coupling held. It was during these operations that the moving train blocked the Main street crossing, the standing cars having been left a few hundred feet below Main street.
There is naturally a variance in the estimates given by the witnesses as to how long the crossing was obstructed. One of the witnesses for the plaintiff testified that the street was blocked for about 15 minutes; others say about 10 minutes. The members of the train crew say that the crossing was blocked for a shorter time than 10 minutes, during which time the train was moving back and forth, attempting to make the coupling.
During these operations, the employes of the mill were impatient to return to their work. Several of them passed between the *79 ears, climbing over the buffers or drawheads; but, when the plaintiff attempted to follow their example, the train made its third attempt to couple onto the standing-ears, and his foot was caught between the buffers or necks of the couplings and crushed so badly that it had to be amputated.
The plaintiff says that he waited about 5 minutes after the train had made the second attempt to couple onto the standing cars, before he climbed upon the drawhead between the cars. The members of the train crew say that only 1% or 2 minutes elapsed between the second and third movement of the train.
There is evidence to the effect that the crossing had been blocked by freight trains on previous occasions, and that passing between the cars had become a custom of the employes of the planing mill, going to and returning from their homes. The plaintiff admits that he had never attempted it before the occasion of this accident. He contends that the train crew knew, or ought to have known, that the employés of the mill were passing between the ears, and his counsel argue that the men in charge of the train had the last clear chance to avoid the accident, by blowing the whistle, ringing the bell, or otherwise warning the pedestrians that the train was about to move. He contends that, even if it was negligent on his part to climb upon the drawheads between the cars, the proximate cause of the injury was not his negligence, but was the negligence of the train crew in failing to give warning that the train was about to move. In support of this view, he cites a number of decisions by the courts of other states, viz.: Burns v. Southern Ry. Co., 65 S. C. 229, 43 S. E 679; Atchison, T. & S. F. R. Co. v. Cross, 58 Kan. 424, 49 Pac. 599; Freeman v. Terry (Tex. Civ. App.) 144 S. W. 1016; Texas Central R. Co. v. Randall, 51 Tex. Civ. App. 249, 113 S. W. 180; and Gesas v. Oregon Short Line, 33 Utah, 156, 93 Pac. 274, 13 L. R. A. (N. S.) 1074.
The decisions cited rest upon the facts and circumstances of each case, as, for example, the length of time the train had been standing still before the pedestrian attempted to pass between the cars, whether the engine was coupled to the cars when the pedestrian went between them, etc.
The members of the train crew testified that the bell on the locomotive was ringing before and at the time of the accident, although the plaintiff and some of his witnesses say they did not hear it. ’
[1, 2] Our conclusion from the testimony is that the bell on the locomotive was ringing immediately before and during each movement of the train. Whether this be true or not, the plaintiff knew that the portion of the train that blocked the crossing was attached to the locomotive with steam up, and that the intervals between the movements of the train before the accident were very brief —not more than five minutes and perhaps only two minutes. His negligence in going between the cars was the proximate cause of the accident. The members of the train crew were not obliged to presume that he would subject himself to such an apparent danger, even though they had seen others take the risk. It does not appear that any member of the train crew saw the plaintiff go between the ears, or knew that any one was between them; hence they had not the last chance to avoid the accident.
[3] In a case very similar to this, Platt v. V. S. & P. Ry. Co., 134 La. 444, 64 South. 282, 50 L. R. A. (N. S.) 1012, this court announced the doctrine to which we adhere: There is no obligation on the members of the crew of a freight train, coupled to a locomotive with steam up and blocking a crossing, to assume that some one will take the risk of crossing between the cars. A person who takes that risk and is thereby *81 injured is not entitled to recover damages, notwithstanding the train had obstructed the street for an unreasonable length of time, unless it be proven that the employés in charge of the train knew that some one was between the ears.
The judgment appealed from is annulled and reversed; and it is now ordered and decreed that the plaintiff’s suit be dismissed, at his cost.