SOMMERVILLE, J.
Plaintiff caused ex-ecutory process to issue on one of sevefal notes issued by. the defendant, the Front Lawn Company, through its vice president, Harris Gagne, which notes were secured by *939 vendor’s lien and privilege. The notes represented parts of the purchase price of a certain plantation bought from R. R. Barrow, president of said Front Lawn Company.
In a petition for injunction, Barrow represents himself to be a second mortgage creditor of the company, and alleges that the proceeding under the writ of seizure and sale is illegal, and will not convey valid title, because no legal notice to pay has ever been legally served therein, and that notice of seizure has not been legally made; that the only notice to pay was served upon him, R. R. Barrow, as president of the Front Lawn Company, in the- sheriff’s office in the town of Houma, La.; that he is not the president of the Front Lawn Company, or an officer thereof, or a stockholder therein, or employed thereby; and that he will be irreparably damaged if the property be illegally sold under the defective proceeding.
There was judgment dismissing the injunction, and R. R. Barrow has appealed.
The charter of the Front Lawn Company was offered in evidence on the trial, and it shows that ¡R. R. Barrow, plaintiff in injunction, was therein named as the president of said company, and that:
“The president, or, in Ms absence, the vice president, or, in his absence, the secretary, is hereby designated as the officer upon whom citation or legal process shall be served.”
The evidence further shows that the process .of the court was served upon R. R. Barrow, president of said company, in person.
Barrow, plaintiff in injunction, did not testify that he was not president, in support of his allegation that he was not. No evidence was offered on the point by him. It will be presumed that the provision of the charter, passed some 18 months previously, was still in force, and that Mr. Barrow was president.
The evidence further shows that service was made upon Mr. Barrow in the office of the sheriff, and that he went to that office for the purpose of being served. It further shows that the Front Lawn Company had never had an office at its domicile in the town of Houma.
It is alleged in the petition for injunction that the service was not legal, and it is argued that it is illegal because not made in conformity with the terms of Act No. 261, 1908, p. 380, which provides:
“That service of citation issued by any court of this state upon a corporation shall be served by the sheriff or constable of the court issuing said citation upon said corporation by leaving said citation at the office of the corporation cited ; the officer of court serving said citation to inquire first for the president of said corporation or the officer designated by the corporation’s charter to receive citation upon whom the citation shall be served,” etc.
And he cites as authority, for holding that citation must be served at the office of the corporation, the decision of the court in Welch v. New Orleans Great Northern Railway Co., 128 La. 738, 55 South. 338. The question before the court in that case was as to the validity of service on an employ® of a corporation, where his superior in office, who was named in the charter as one upon whom to make service, was present; and not whether service might or might not be made on the president of the corporation, where the charter of the corporation directed that such service should be made on him, or upon the officer next in authority, naming him. In that case the constable had not served the officer designated by the charter to receive service; he had served the general manager of the company, who was not authorized to accept service, outside of the office, and away from the domicile of the corporation. The service was held to be insufficient.
In the present case, it would have been impossible to have served the president of the defendant corporation in the office of that corporation for thé evidence shows that the company never had an office at the place of its domicile, Houma, La., or at any other place. Under such circumstances, the de *941 fendant company could not have been served with legal process, if service had to be made in its office; and it is clear tliat'such was not the intention of the Legislature.
The law at the present time is, as appears in Act No. 267 of 1914, where, in section 25, p. 531, it is provided:
“That service of all legal process on any corporation subject to the provisions of this act may be made in the following manner: (1) On any officer designated in the charter as authorized to receive service,” etc., and then there is therein enumerated several ways in which service may be made “in case the officer, director, or agent mentioned in paragraph (2) of this section cannot be found.”
Judgment affirmed.