MONROE, C. J.
This is an action in damages for personal injuries in which plaintiff claims $7,500, and which has heretofore been before this court when it was found that plaintiff had previously sued for $1,500, as actual and punitory damages for the same injuries that are here complained of; that the first suit had been dismissed by a judgment sustaining an exception of no cause of action, from which no appeal had been taken, and that no reason was disclosed for increasing the amount of the claim, beyond that demanded in the first suit, unless it were to change the destination of the appeal. The case was therefore -transferred to the Court of Appeal, Second Circuit (Ham v. La. & N. W. R. Co., 136 La. 1083, 68 South. 133), by which court a judgment was rendered, affirming that of the district court, whereby the defendant railway company was condemned to pay plaintiff $500.
The case has now been brought up for the review of the judgment of the Court of Appeal.
It is assigned as error thab the district court and Court of Appeal erred in overruling defendant’s exceptions- of “want of citation and service thereof, and res judicata.”
[1] The citation was addressed, “To La. & N. W. R. R. Co., John A. Richardson, Sect. & Treasurer, Parish of Claiborne.” And the return reads:
“Served certified copy of the within citation and petition thereto annexed, in person, upon John A. Richardson, Sect, said R. R. Co. in the parish of Claiborne, •— miles from the courthouse, on the 12th day of July, 1912.” •
The law (Act 261 of 1908) requires that citations shall be served on corporations by “leaving them at the office of the corporation cited,” and that the officer making the service shall inquire—
“first, for the president * * * or the officer designated by the corporation’s charter to receive citation, upon whom citation shall be served, and, if the president of said corporation, or the officer designated by the corporation’s charter upon whom citation shall be made, be absent from the office, then the officer of the court * * * shall serve said citation upon any other officer of said corporation, or, if no other officer of said .corporation be present, then the sheriff or constable shall deliver said citation to any male employs of said corporation » * * over the age of fourteen years.”
The act further provides- that:
“The sheriff or constable ■> * * shall recite in his return * * * the manner in which the service was made and give the name of the person to whom the citation was handed.”
The purpose óf the act was to require all citations directed to corporations to be served at the offices of such corporations, upon the president, or officer, designated by their charters respectively, if found in such offices, and otherwise upon any other officers, or *189 in default of such officers, upon any male employes of the corporations over 14 years of age, found in such offices. Welch v. New Orleans G. N. R. Co., 128 La. 738, 55 South. 338; Prince v. Tremont & G. R. Co., 128 La. 834, 55 South. 474; Abney v. La. & N. W. R. Co., 127 La. 437, 53 South. 678. In view then of the fact that the return thereon fails to show that the citation here in question was served at the office of the defendant corporation, and, even though it showed service at such office, fails to show that the service was made upon the proper officer or employe, within the requirement of the statute, we must hold the service to have been bad. And, as the defendant has never been legally cited, the subsequent rulings of the district court, based upon the assumption that it had acquired jurisdiction, ratione personae, were void, as were those of the Court of Appeal, and as would be those of this court, should it make any further rulings. We, therefore, refrain from expressing any opinion upon the other matters ruled on. Por the reasons thus assigned, the judgment of the Court of Appeal, here made the subject of review, as also the judgment of the district court, which was thereby affirmed, are set aside, in so far as those judgments condemn the present applicant, the Louisiana & Northwest Railroad Company, and the case is remanded to the district court, with leave to the plaintiff to cause said company to be properly cited, all costs to be paid by plaintiff, save those incurred in the institution of the suit, which are to await the Anal judgment.