Fairchild et al. *v.* Harbison et al.

[82 South 73, In Banc. No. 20626.]

Wills. *Estate devised. Fee simple.*

Where a will devised realty to a son and daughter and to their heirs to be held, used, occupied and enjoyed, in common tangibly until "my youngest grandchild now living or that may come into existence hereafter shall have reached the years of twenty-one," in such case the son took a fee simple title subject only to the limitation, if any, as to the use and joint possession, etc., and could execute a trust deed on his interest.

Appeal from the chancery court of Washington county.

Hon. E. N. Thomas, Chancellor.

Bill by Sarah W. Harbison against Chas. H. Fairchild and others, in which Joe Banks, and others intervene. From the judgment rendered, defendants appeal.

The facts are fully stated in the opinion of the court.

*B. B. Carmichael,* for appellants.

We respectfully submit that the court by reason of a misunderstanding or confusion of the issues involved was in error in affirming the Banks case, in so far as Susan Banks, the sister of Chas. H. Fairchild, Sr., having acquired an undivided one-half interest in the land in controversy, and submit that the affirmance of the same should not furnish a rule of decision in the case at bar on the question of the validity of the will, an issue in the instant case; because, if the former affirmance of a case involving the application of the same principles should furnish a rule of decision, and we are not prepared to say that it should not, then

while not having the decree of the court in the case of *Moore et al.* v. *Fairchild and Susan Banks,* 61 So. 15, before me, if the same, as contended by the appellants in the Banks case affirmed January 13, 1919, affirmed the decree of the ·chancellor ·to the effect that "Susan Banks could not be divested of her interest. in the land, under an execution by the sheriff, and that the same was not subject to occupancy by any but Fairchild and Susan Banks," we submit that the court *Banks et al.* v. *Peek et al.,* failed to' follow the law of the case established in the older case, and that the same should be now overruled, and why?

Because, it was the duty of the courts to uphold the provisions of the will and require them to be carried into effect, unless, the same contravened some rule of law, public policy or the common-law rule against perpetuities then, the sole question arises, does the provision of the will come within the rule, when Britt Fairchild, said: "I convey my property to my son and daughter, the same to be held, used, occupied and enjoyed in common tangibly until my youngest grandchild now living or that may come into existence hereafter reaches the age of twenty-one." And as to ask the question is to answer the same: we say that he did not violate any rule of statutory law, because the testator certainly did not attempt to convey an estate in fee tail; any person can make a conveyance or devise of his land to a succession of donees then living, not exceeding two, and to the heirs of the body ·of the remainderman, and, in default thereof, to the right heirs of the donor, in fee simple. Hem. Code, section 2269; certainly the rule in Shelley's case is not involved. If the conveyance' was to Chas. & Susan Banks for life, with remainder to their heirs, or heirs of their body, it would have created an estate for life in them, with remainder to their heirs or heirs to their body who would have taken as purchasers, sec-

tion 2280, Hem. Miss. Code (2). Then could it be said that a man has asked the courts to violate a rule of public policy, just because he requests his land to be held in common for a reasonable length of time, subject to the right of the ones designated in the will to occupy and enjoy the same as a whole or last, did he prolong the vesting of the fee in the land beyond the life or lives in being at the time the conveyance was made or twenty-one years and ten months thereafter? To this we say no, and, very plausibly so when it is contended and conceded by the appellees herein that the fee vested absolutely upon the death of Britt Fairchild. But if it be conceded that it did not, then the *sine qua non* is whether or not there is any conceivable state of facts that might be reconciled by which the fee might not vest or the estate be in some way burdened with a condition for a period of time longer "than the lives in being at the time the devise was made or which by some event would not come into being within twenty-one years and ten months thereafter." Now if Britt Fairchild, has not burdened the fee in his land for a longer time than this, and that is the well and undisputed length of time that a man can use unbounded discretion in saying with what condition or limitation his land shall be burdened with (59 Miss. 289), the provision in the will requiring his land to be held, used, occupied and enjoyed in common tangibly until the happening of the specified time, is reasonable and should be upheld. There were only two persons by name mentioned in the will, Chas. H. Fairchild, Sr., was living at the time of Britt Fairchild's death. Now, when Chas. H. Fairchild is dead, the possibility of further grandchildren, of Britt is cut off and even though there should be a child of Chas. H. Fairchild, *in esse* at the time of his death, this child must be born and become twenty-one years of age in less than twenty-one years and ten months after his death, then it is clearly demonstrated

that Britt had a right to use the language found in his will, one of the most effective weapons that he could have summoned to his command: in guarding his life's saving against folly, extravagance, or the rapacious greed of over zealous creditors, when he said to the beneficiaries under his will: ''You must hold this land—not convey nor alienate it for the present—you must hold it until such time that you will not have infant children, grandchildren of mine, shelterless and without land with which to earn a support in old age; you are and shall be the ones to use the land and not abandon it to others through folly and improvidence; you cannot occupy this land, however, in severalty— but, you must keep it in common tangibly—so either one of the beneficiaries can reach out and derive the benefit of it as a whole; you cannot partition this land and render it inaccessable.''

Why, if the provision in the will does not contravene any rule of statutory law or public policy, nor, the common law rule against perpetuities, should this wholesome and reasonable intention of the testator be disregarded and trampled under foot?

Certainly if the same be reasonable, it is impossible to reconcile its mandates with the supposed rights of Chas. Fairchild to mortgage the land and for the mortgages to sell the land and appropriate it to their use. Certainly he has no lawful right to alienate land that is burdened with this condition when that right of alienation would carry with it the right to inconvenience the other co-tenant by subrogating a stranger, rather than the one chosen by the testator, to the copartnership in the use, occupancy and control of the land, and this, whether or not any benefit was sought to be conferred upon the grandchildren or not, and, we respectfully submit under the authority of: *Cannon* v. *Barry,* 59 Miss. 289; *Lucas* v. *Lockhard,* 10 S. & M.

466; *Lowe* v. *Barrett,* 38 Miss. 329; *Hancock* v. *Titus,* 39 Miss. 224 and *Shipp* v. *Wheelis,* 33 Miss. 646.

The chancellor below committed a grave error, irreconcilable with principle or precedent, when he held that Chas. H. Fairchild, Sr., had a right to alienate an undivided one-half interest in the land sought to be subject to sale, under the provisions of the will, and the agreed state of facts, which shows that there are yet grandchildren of Britt Fairchild that have not arrived at the age of twenty-one years and respectfully refer the court to the case of *Monroe Rose* v. *Fairchild & Banks,* 60 So. 15, and the brief of the appellants in the case of *Banks et al.* v. *Peek et al.,* Docket No. 20467 affirmed January 13, 1919, for a more lengthy discussion of the provisions of the will under consideration in the case at bar, and therefore respectfully submit, that the affirmance of *Bank et al.* v. *Peek et al,* on January 13, 1919, should be overruled, in so far as the same affirmed the decree of the court relative to the provision requiring the property to be held in common until the youngest grandchild became twenty-one years of age, being inconsistent with the estate granted to Chas. H. Fairchild and Susan Banks, because it will itself, by the language used in the granting clause, convey no estate whatever except that burdened with this provision and condition, and no pause is found in the granting clause of the will until this provision was included in the sentence and the same must be taken as a whole.

It is conceded, however, that if after a careful perusal, which it is hoped the courts will make, of the briefs of counsel in the Banks case above referred to, the court is of the opinion that it was correct in the affirmance of the *Banks* v. *Peek case,* then we submit the case at bar should be affirmed as to the Williams deed of trust, assigned to appellee, L. C. Brannon, and reversed as to the Harbison deed of trust.

*J. M. Cashin,* for appellee.

As we view this case, the only question involved which merits any consideration, is whether or not the estate acquired by Fairchild under the will of Britt Fairchild was alienable? Upon this point we set out below the brief filed by us in the case of *Banks et al* v. *Peek et al.,* No. 20647, which as heretofore stated, was affirmed by this court on January 13, 1919.

If it was, the deeds of trust involved in this case were valid encumbrances thereon, and the decree of the court upholding them should be affirmed, inasmuch as there is nothing else in the record sufficient to challenge the correctness of the court's decree.

That Chas. H. Fairchild acquired an estate in fee to an undivided one-half interest in the real estate devised by Britt Fairchild, is, we think, too plain for argument; and, that being true, the same was of course, alienable. Our contention is that the words "and to their heirs," as used in said will, following the devise to Charles Henry Fairchild and Susan Banks are words of limitation and not of purchase, in consequence of which the devise to them was of a title in fee.

The word "heirs," *prima facie,* is to be taken in its technical sense, unless there is in the will a valid demonstration that the testator used it in a different sense. *Irvine* v. *Newline,* 63 Miss. 192; *Wallace* v. *Wallace,* 114 Miss. 591. There is not a plain demonstration in the will of Britt Fairchild that he used the word "heirs" in any other than its strict legal sense.

The direction in the will that the estate devised was "to be held, used, occupied and enjoyed in common tangibly . . . and to so remain in common until my youngest grandchild now living, or that may come

into existence hereafter, shall have reached the years of twenty-one," did not have the effect to lessen or diminish the estate devised to Charles Henry Fairchild and Susan Banks, nor qualify their estate, nor vest any interest whatever in the grandchildren. The purpose was to prevent a partition of the estate devised until the youngest grandchild then living, or that might be thereafter born, should reach the age of twenty-one years.

Whether or not that was a valid provision, or void as being an unlawful restriction upon the enjoyment of the fee devised to Charles Henry Fairchild and Susan Banks; we need not discuss, as this case does not involve any attempt to effect a partition of said real estate; but only involves the validity and enforceability of the deeds of trust given by Charles H. Fairchild on his undivided one-half interest in a part of the real estate acquired under the will.

If the effect of the words of the will, requiring the estate to be devised "to be held, used, occupied and enjoyed in common tangibly" until the testator's youngest grandchild born or to be born shall reach the age of twenty-one years, restrained the power of alienation, then such restriction would be void, as being inconsistent with the nature of the estate devised which is so well settled as to need no citation of authorities; but, as stated, the purpose and effect of the provision requiring the estate to be kept together was not to prevent alienation, but parition of the estate for the time mentioned, and the validity of that provision as affecting the right of partition is not involved, at this stage of the proceedings.

The words "and to their heirs" following the gift of the estate to Charles Henry Fairchild and Susan Banks, testator's son and daughter, were not intended to include testator's grandchildren as a class to take

under the will, not only because the word "heirs," *prima facie*, was used in its technical sense, as a word of limitation, and not of purchase, but also because the testator refers, in the same sentence, to "heirs" and his "grandchildren" thereby indicating that he intended to use the word "heirs" in its technical sense; otherwise, why did he not devise the estate to Charles Henry Fairchild and Susan Banks and "to their children," or to his "grandchildren?" He had his grandchildren in mind at the time, as shown by the fact that he fixed the time when his youngest "grandchild" should reach the age of twenty-one years, as the time when the estate should, be divided, or might be divided. So, we rely not only upon the well-established rule that *prima facie* the word "heirs" was used in its technical sense, in the will of Britt Fairchild, but it is apparent from the will itself that he used the word "heirs" as a word of limitation and not of purchase.

Furthermore, by item 3 of the will the testator gives his personal property "to Charles Henry Fairchild and Susan Banks, to use and enjoy as I direct that my real property should be;" and no reference is here made to any grandchild or grandchildren of the testator as taking any interest in the personal property; but the absolute title thereto is given to Charles Henry Fairchild and Susan Banks, to be used and enjoyed as they were to use and enjoy the real estate devised to them in Item 1 of the will, which strengthens the view that the intention of the testator was to devise the title in fee to Charles Henry Fairchild and Susan Banks to the real estate, but to be kept together and enjoyed in common without partition until the testator's youngest grandchild born or to be born, should reach the age of twenty-one years.

We respectfully submit that the decree of the court below should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellee Sarah W. Harbinson filed a bill in chancery court to foreclose a mortgage upon certain lands, which mortgage was·given by. Chas. H. Fairchild. The prayer for relief was that a lien be fixed against the property, a commissioner appointed to make sale to pay the indebtedness and attorney's fees, and for the conveyance of such sale, and for general relief. Appellees Joe Banks, Virse Banks, Eugene Banks, Sam Banks, and Tom Banks, by their next friend, Susan Banks, and the wife and children of Chas. Fairchild, intervene as parties defendant, setting up that they were the children and grandchildren of Chas H. Fairchild, Sr., and the owners of an undivided inalienable and at present an indivisible interest in the lands mentioned, under a will made by Chas. H. Fairchild, Sr., which contained the following clause with° reference to land: ·

"My real estate situated in Washington county and Sharkey county of the state of Mississippi that I now have or may acquire at any time hereafter I bequeath and demise unto my well beloved son Chas. Henry Fairchild and my well beloved daughter Susan Banks and to their heirs, the same to be held, used, and occupied and enjoyed in common tangibly and as the profits and revenue therefrom and to so remain in common until my youngest grandchild now living or that may come into existence hereafter shall have reached the years of twenty-one (21)."

The cross-bill set up that under this clause the devise to Chas. H. Fairchild and Susan Banks was only a life estate, and that the grandchildren of the testator have a vested interest in the land until the youngest shall become twenty-one years of age, and that neither Fairchild nor Susan Banks can execute a valid deed of trust or conveyance during said time, and the cross-

bill prayed for an injunction against the sale. The chancellor decreed for the complainant and dismissed the cross-bill and decreed that Chas. H. Fairchild is the owner in fee of an undivided one-half interest in the land, and that the deed of trust is valid, and that the other appellees "have no interest in the undivided one-half interest of the said Chas. H. Fairchild," etc. and directed sale of said land. From which judgment this appeal is prosecuted.

Two appeals involving this will have been affirmed by this court without written opinions in *Moore* v. *Fairchild*, 60 So. 15, and *Banks* v. *Peak*, affirmed January 13, 1919, 80 So. 346. In the first case several other reasons were set up why execution sale was not good, and we are unable to determine which one of the grounds of invalidity the court predicated its affirmance on. In the last case was another branch wherein the appellee Susan Banks executed similar papers to this, and which the court held good as conveyances and ordered foreclosure. In neither of these cases, nor in the present case, is it necessary to decide what possessory rights the appellees may have in the cases, nor whether the grantee in the trustee's sale could obtain exclusive possession of such one-half undivided interest, or whether he could obtain possession at all until the youngest grandchild becomes twenty-one years of age, and consequently we do not decide these questions. We are of the opinion, however, that Fairchild could execute a deed of trust on his interest, and that he had a fee-simple title subject only to the limitation, if any, as to the use and joint possession, etc., and that the chancellor was right in directing the sale of the lands. The chancellor should not have adjudged on this record that the appellees have no rights in the said lands, as that question is not properly before the court in this case. Judgment is accordingly modified so as to eliminate this recital, and judgment will be

entered here for the appellees directing a foreclosure, appointing the same commissioner as appointed below to make sale and report to the court below for further proceedings.

*Judgment modified, and cause remanded.*