## HOFFMAN v. SOUTHERN RAILROAD COMPANY, INC.

---

(February 15, 1926, Opinion and Decree)
(March 15, 1926, Rehearing Refused)
(May 4, 1926, Writs of Certiorari and Review denied by the Supreme Court)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Railroads—Par. 54, 74; Negligence—Par. 22, 23.**

Whether it is negligence for any one to cross between two cars barring him from recovery for injury received is a question of fact and law depending upon time, place, and surrounding conditions.

Appeal from the Civil District Court for the Parish of Orleans, Division "D", Hon. Porter Parker, Judge.

Action by George Hoffman against Southern Railroad Company, Inc. An ex-

ception no cause of action was sustained and plaintiff appealed.

Judgment reversed and case remanded for trial according to law.

A. G. Williams and I. Williams, of New Orleans, attorneys for plaintiff, appellant.

Monroe and Lemann, W. J. Suthon, of New Orleans, attorneys for defendant, appellee.

## OPINION

CLAIBORNE, · J.    Plaintiff attempted to pass between two coupled cars and was injured. Hence this suit. The defendant filed an exception of no cause of action which was sustained and plaintiff's suit dismissed. He has appealed.

The plaintiff's allegations are as follows:

II. "That on or about the 8th day · of January, 1921, your petitioner was employed along the river front between Marigny and Press Streets, in the City of New Orleans, and that in order to get to and from his work it was necessary that he cross the tracks of the said corporation and their connecting lines at the head of Spain Street and the river front.

III. "That contrary to law and the dictates of ordinary prudence the said defendant corporations, together with other railroad companies using the tracks in that vicinity were accustomed to park cars along said tracks, thus blocking the street crossing leading to and from the wharves situated along the banks of the Mississippi River.

IV. "That under ·circumstances it became necessary for pedestrians who desired to leave the said wharves to pass between the railroad cars so parked and that the only, other method by which passing between such cars could be avoided would be by making a detour either up or down the river front of five or six blocks in either direction, thus making it necessary for such individual to traverse a distance of ten or twelve blocks to get to a point which ordinarily, if he could have travelled in a straight line, would have meant over only a distance of about 40 feet.

V. "That at about 1:00 p. m., on January 8, 1921, your petitioner was returning from his lunch at home and in order to get to his work out on the levee front attempted to pass between two box cars, which were coupled together and formed part of a long line of cars extending up and down the river front for a distance of many blocks; and that just when he was in the act of crossing between these cars the said line or train of cars was backed into suddenly and violently struck by a locomotive belonging to, in charge of, and under the. management of the servants and agents of the said defendant corporations.

VI. "That as a result thereof your petitioner was thrown off his balance and his left foot fell between the couplings of the cars in question and was crushed and injured as hereinafter more fully set forth.

VII. "That before crossing between the cars your petitioner · exercised all due care and precaution to ascertain that the way was clear and safe; that there were no switchmen or flagmen at or near the point in question and no switchmen or flagmen visible either up or down the track on which said train of cars stood.    That

there was no whistle blown, no bell rung, and no warning of any kind given before the engine or locomotive kicked the said cars in the manner described and it was only after being dragged out on the other side of the track that your petitioner discovered that there were several switchmen and flagmen and other employees of the said defendant corporations situated along different points from which they could not be seen by any one when on the other side of the track.

VIII. "That it is the invariable custom and practice of railroad companies and their agents in the handling of trains along the river front that switchmen and flagmen and other employees be stationed at different parts of the road along which trains are to be laid up or cars switched, and that these employees are invariably or collectively to command a full view of both sides of the track from one end of the train to another."

The plaintiff concludes by alleging that his left foot was crushed between the coupling of the said car, and that he suffered great pain, and was laid up for nine months and is crippled for the remainder of his life. He claims $10,000 damages.

The defendants excepted that the above petition disclosed no "cause or right of action." The exceptions are based upon the theory that the plaintiff was guilty of contributory negligence.

The exceptions were maintained and the suit dismissed.

The plaintiff has appealed.

The defendant's argument amounts to the following syllogism:

It is negligence *per se*, under any and all conditions and circumstances, for any one to cross between two cars coupled together, and any one so doing is guilty of contributory negligence barring him from recovery; plaintiff did so, ergo he cannot recover". Defendants' major premise is too general and sweeping; we cannot agree to it.

We are of the opinion that the correct doctrine is that when one who crosses between two cars coupled together in such a place and under such conditions and circumstances as would lead a prudent man to forsee or anticipate danger is alone guilty of contributory negligence.

Defendants quote many cases in support of their proposition. But none of them was dismissed on an exception of no cause of action. Every one was tried upon the merits, and the facts of each case with the place, time and surrounding conditions of the accident were brought out, showing negligence on the part of the plaintiff dehors the mere act of crossing between the two cars.

In the Platt case, Platt vs. Vicksburg, S. & P. R. R. Co., 134 La. 444, 64 South. 282, the two cars were a part of a freight train, with locomotive attached, at a regular station waiting for the passing of a passenger train.

To the same effect is Reno vs. Yazoo & M. V. R. Co., 138 La. 76, 70 South. 43. The syllabus is that one who attempts to pass between the coupled cars of a freight train attached to a locomotive with steam up moving back and forth, to plaintiff's knowledge, is guilty of contributory negligence. In that case the court said on page 80:

"The decisions cited (by the plaintiff) rest upon the facts and circumstances of each case, as for example, the length of time the train had been standing still before the pedestrian attempted to pass between the cars, whether the engine was coupled to the cars when the pedestrian went between them, etc." Also Bollinger vs. Texas & P. Ry. Co., 47 La. Ann. 721, 17 South. 253.

For the same reasons stated in the Louisiana cases above quoted have the courts *in other states, quoted by defendants, decided in their favor.* In summing up the jurisprudence upon this point Elliott on Railroads, cited by defendants, says on S. 1565:

"But where no space is left between the cars, and an engine is attached to them which is liable to move them at any moment, one who attempts to pass under or between them may be declared guilty of contributory negligence as matter of law." See also Thompson in Corporations S. 2991.

3 Am. and Eng. Enc. Law, p. 764, C. C.:

"To pass between the cars of a train which one knows, or ought to know, is liable to move at any moment is an act of gross negligence, etc."

There is no allegation in plaintiff's petition that the cars formed part of a train nor that they were about to be moved, or that a locomotive was attached to them. On the contrary the allegation is that the cars were parked there, meaning to remain there for some time.

In the case of Brown vs. Rrd., 8 R. 45, the Supreme Court awarded damages to a plaintiff who had crossed the tracks of the defendant company at night knowing that the locomotive did not run after dark, and was injured by cars left standing and put in motion by a strong wind.

We conclude from these authorities and from reason that it is a question of fact whether the plaintiff was guilty of negligence in passing between two cars. We can conceive of cases where it would not be negligence to cross between the cars.

The defendant also invokes the principle that where there are two roads, "one absolutely free from risk of any kind; the other full of danger" and the plaintiff *chooses the latter, he must assume the risks of it.* Johnson vs. Canal & Claiborne R. R. Co., 27 La. Ann. 53; Settoon vs. T. & P. Ry. Co., 48 La. Ann. 807, 19 South. 759; Duvernet vs. Morgan's Louisiana & T. R. R. & S. S. Co., 49 La. Ann. 484, 21 South. 644; 5 La. Dig., 522 S. 23 Wharton on Negligence S. 361.

*To sustain this principle would assume that the road selected by the plaintiff was dangerous, which is the very question at issue.*

It is therefore ordered that the judgment herein be reversed and set aside; that the exception of no right or cause of action be overruled, and that this case be remanded to the district court for further procedings according to law; the defendants to pay the costs of appeal, and the costs of the district court to await the final determination of the case.