(47 South. 763.)

No. 17,151.

## FERRINGER v. CROWLEY OIL & MINERAL CO.

(Dec. 14, 1908.)

1. MASTER AND SERVANT (§ 130*)—INJURY TO SERVANT—NEGLIGENCE.

The master who makes the work on which his servant is engaged more hazardous without notice to the servant is guilty of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 264, 270; Dec. Dig. § 130.*]

2. MASTER AND SERVANT (§ 201*)—INJURY TO SERVANT—FELLOW-SERVANT DOCTRINE.

The fellow-servant doctrine has no application where the concurring negligence of the master was the efficient cause of the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 526; Dec. Dig. § 201.*]

3. APPEAL AND ERROR (§ 1002*)—REVIEW—VERDICT.

Contributory negligence must be clearly shown by the preponderance of the evidence, and, in case of doubt, the verdict and judgment below will not be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3935; Dec. Dig. § 1002.*]

4. DAMAGES (§ 131*)—EXCESSIVE DAMAGES—PERSONAL INJURIES.

A verdict for $3,000 for temporary pain and suffering *held* to be excessive, and is reduced to $1,500.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 357; Dec. Dig. § 131.*]

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Philip Sidney Pugh, Judge.

Action by George Ferringer against the Crowley Oil & Mineral Company. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Hampden Story (Chappuis & Holt, of counsel), for appellant. Shelby Taylor (James Albert Gremillion, of counsel), for appellee.

LAND, J. This is a suit for damages for personal injuries. Plaintiff was badly scalded while he and another workman were repairing a pipe which was connected with a hot water pump in the boiler room of defendant's air compressor plant at the Jenning's oil field. The line of pipe to be repaired was in bad condition, and it seems to be an undisputed fact that the hot water was shut off in the morning prior to the commencement of the work of repair, and was not turned on again until some time in the afternoon. The preponderance of the evidence is that defendant's foreman, knowing that the men were at work on the pipes, started the hot water pump, and ordered the fireman to open the hot water valve. The result was that the overhead pipe on which the men were working was filled with hot water up to a cut off valve which was shut at the time. The two men were engaged in connecting a new piece of pipe beyond the valve, and the nature of the work required the springing more or less of the pipe on the other side of the valve. The nipple connecting with the elbow of the vertical pipe leading to the hot water pump was either broken or pulled out by the strain, and the plaintiff was deluged with hot water.

We think that in starting the hot water pump the foreman was guilty of negligence. The pipe was in bad condition. The threads of the nipple were worn off. The nature of the work required the springing of the pipe in order to make connections. The work of repair was without danger when the hot water was turned off. The foreman made the work hazardous by starting the hot water pump. This was the efficient cause of the accident.

The plea of contributory negligence is not made out on the face of the record before us. Both of the men testified that the hot water had been turned off all day, and that they did not know it had been turned on during the afternoon. Defendant's foreman testified that he in passing warned both of them to be careful, as the hot water pump had been started. Both men denied that any

such warning was given, and from the fireman's testimony we infer that the foreman, after passing the pipemen, started the pump and ordered the fireman to open the hot water valve. This foreman was contradicted on other material points by other witnesses. On this question of warning the preponderance of the evidence is in favor of the plaintiff. When we leave the direct testimony, we are at sea on the question whether the plaintiff knew that the hot water had been turned on prior to the accident. McDaniel, the fellow servant, was directing the work. He wore gauntlets while handling the pipes, and felt no warmth that indicated that the hot water had been turned on. The plaintiff said that he was standing on a keg "holding the pipe on," while McDaniel was trying to make the connection. We assume that plaintiff was holding the new pipe, as McDaniel was at the same time engaged in trying to spring the pipe already in place. If this be true, plaintiff did not come in contact with the pipe through which the hot water was flowing. The position of the plaintiff was explained before the jury by illustrations, of which we have no knowledge.

If McDaniel was negligent in not discovering that the hot water was on, or in continuing the work after the situation became known to him, and defendant was also negligent in turning on the hot water, the right of plaintiff to recover damages would not be affected. Payne v. Lumber Co., 117 La. 983, 42 South. 475.

The only basis for the damages claimed is pain and suffering, as the injury was not permanent. Plaintiff was discharged after three weeks' treatment. The scald was extensive, but superficial, except in a few small spots. The award of $3,000 as damages in such a case is clearly excessive. We think that $1,500 is a liberal allowance for such an injury.

It is therefore ordered that the verdict and judgment appealed from be reduced to $1,500, and that, as thus amended, the judgment be affirmed, plaintiff to pay costs of appeal.