(84 South. 570)

No. 23317.

## QUINTELL v. FERRAN.

(May 3, 1920.)

*(Syllabus by Editorial Staff.)*

1. Negligence ⚖️134(5) — Evidence held to show injuries caused by falling of plank from wall.

Testimony by plaintiff and by other witness who were present shortly after the accident *held* to show that plaintiff was injured by the falling of a plank from a wall on defendant's premises which adjoined those occupied by plaintiff, so that defendant was liable therefor under Civ. Code, arts. 670, 2322, which imposed liability on a building owner for injury to neighbor or passer-by resulting from neglect to keep building in repair.

2. Damages ⚖️131(1)—$1,000 for broken collar bone held neither insufficient nor excessive.

A judgment allowing $1,000 damages for a broken collar bone which confined plaintiff to her bed for about six weeks, and thereafter required the arm to be carried in a sling for two months, causing severe pain at times, is not manifestly either insufficient or excessive, and will be affirmed.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Suit by Mrs. J. J. Quintell against Jean Ferran. Judgment for plaintiff, and defendant appeals, and plaintiff prays for increase of judgment. Affirmed.

Emile Pomes, of New Orleans, for appellant.

Dart, Kernan & Dart, of New Orleans, for appellee.

O'NIELL, J. Defendant appeals from a judgment allowing plaintiff $1,000 damages for personal injuries. Plaintiff, answering the appeal, prays that the judgment be increased to $3,035, the amount sued for.

Plaintiff was struck and injured by a plank that fell from the rear wall of a shed on defendant's premises, adjoining the premises occupied by plaintiff. The suit is therefore founded upon the provisions of the Civil Code, arts. 670 and 2322, to the effect that the owner of a building is liable in damages for any injury that may befall a neighbor or passer-by as a result of neglect to keep the building in repair.

[1] The only argument advanced in defense of the suit is that plaintiff has not furnished sufficient proof that the injuries which she suffered were caused by the falling of a plank from the wall of defendant's shed, as alleged in plaintiff's petition. No one excepting plaintiff saw the accident. A man in an adjoining yard, however, heard the crash of the falling lumber; and, calling to know what had happened, and receiving no answer, he ran into plaintiff's yard and found her in a semiconscious condition under the heavy plank. She was jammed against a bench or shelf on which were some pot plants that she had been watering when the accident occurred. The neighbor carried plaintiff into her house and put her in bed. Her landlord, who happened to be out on the sidewalk near the house, was summoned, and saw the woman and the cause of the accident only a few minutes after it happened. The testimony of those witnesses was corroborated by that of the physician who attended to plaintiff's injuries. The manner in which the accident occurred is also shown by photographs of the wall of the shed, taken some time after the accident and before the wall was repaired. It appears that two planks fell, bringing with them the upper end of an upright post to which the planks were nailed. The plank that struck plaintiff was the highest plank on the wall, about 12 feet from the ground, and was said to be about 17 feet long. The other plank was the second from the top of the wall and was about 8 feet long. The piece of post that fell had been spliced or lapped and nailed to the lower part of the upright post. The part that

fell had projected about 3 feet above the wall, and at one time had formed a part of a railing around the top of the shed. The only plausible explanation as to why the two planks and part of the post fell is that the lumber had decayed and the nails had rusted away.

Defendant's liability for the injury that resulted from his neglect to keep the building in repair is imposed by law; and we find no error in the district judge's conclusion as to the facts.

[2] His estimate of the extent of the injury is not manifestly either insufficient or excessive. Plaintiff's collar bone was fractured. She was confined to her bed for about six weeks, and thereafter had to carry her arm in a sling for about two months, suffering severe pain at times.

The judgment appealed from is affirmed.