No. 3257

Second Circuit

KELLY v. LUDLUM

(June 28, 1928. Opinion and Decree.)
(July 14, 1928. Rehearing Refused.)
(October 2, 1928. Writ of Certiorari and Review denied by Supreme Court.)

J. B. Thornhill, of Bastrop, attorney for plaintiff, appellant.

Madison and Madison, of Bastrop, attorneys for defendant, appellee.

ODOM, J., dissents for written reasons.

WEBB, J. Plaintiff, B. E. Kelly, while walking along the highway in the daytime, was struck and injured by an automobile which approached from his rear, and in this action, brought against the owner of the automobile, J. W. Ludlum (who was riding in the automobile, which was at the time being driven by his chauffeur) to recover damages, judgment was rendered rejecting plaintiff's demands, from which he appeals.

The evidence establishes that plaintiff was walking along the right side of the roadway and that the automobile was being driven on the same side in such relative position to that of plaintiff that if each had continued their courses without deviation the automobile would have

passed plaintiff by a margin of about one and one-half feet, and that the driver of the automobile sounded the horn as the automobile approached (of which plaintiff did not take any apparent notice and which he claims not to have heard) but did not change the course of the automobile until about the moment of the collision when plaintiff deviated from his course about two feet, thus placing himself in front of the automobile, when the driver of the automobile vainly attempted to avoid striking him by changing its course.

The evidence does not show with certainty the course of plaintiff's deviation, but it shows that he suddenly stepped to his left a distance of about two feet, and that he did so in apprehension of being struck by the automobile, the presence of which he became aware of at that time, either from hearing the horn sounded in close proximity to him or from a warning cry of the person with whom he had been walking along the roadway.

It is conceded, of course, that plaintiff was not negligent in walking along the roadway, and it is, we think, well settled, that he did not have to maintain a lookout for automobiles approaching from his rear (McKenna vs. Lynch, 233 S. W. 175; Davis vs. West, 191 N. W. 506; Blashfield, Automobiles, volume 2, page 1057), having the right to assume that the driver of the automobile would exercise care in maintaining a lookout for him, and the sole question is, whether or not the driver did maintain such lookout and exercise ordinary care in operating the automobile.

The statute (section 17, Act 120 of 1921) requires the driver of an automobile approaching a pedestrian who is upon the traveled portion of the highway, shall slow down and give a timely signal, and while the driver of the automobile may in the present instance have literally complied with the statute, the speed at which the car was being driven did not enable the driver to stop instantly and the evidence does not indicate that plaintiff heard the signals or was aware of the approach of the automobile until the moment of the accident.

The driver of the automobile had a clear view of the situation as the car approached plaintiff and there was ample time, distance and space for him to have changed the course of the automobile so as to allow a greater margin of safety, and when the plaintiff apparently did not notice the signals given he was bound to realize the hazard of driving the automobile so close to plaintiff due to the fact that plaintiff might deviate from his course or that he might be taken unawares by the sudden discovery of the automobile and make such a deviation as to bring him in front of the automobile (Blashfield, Automobiles, volume 1, page 597).

Each of the parties had the right to use the highway but the danger or hazard from a collision was much greater for plaintiff than for the driver of the automobile, and the driver was bound to take notice of the danger and to drive the automobile accordingly; that is, the driver of the automobile was charged with notice that plaintiff might vary slightly from his course or that he might be taken unawares by the discovery of the automobile in close proximity to him and involuntarily place himself in front of the automobile, and the evidence showing that the driver operated the car with such danger in view and that the accident resulted from the danger which should have been anticipated by the driver of the automobile, the owner of the automobile, under whose direction the automobile was being operated, was liable.

Plaintiff was knocked off of the road by the collision, sustaining an injury to his head which has caused a numbness in the muscles of his face and also a noticeable defect in his eye, and his leg was bruised, causing the development of a varicose vein, and he was disabled from following his occupation for twenty-two days, ten of which he spent in a hospital where he suffered with severe pain for about five days, and although he has been able to follow his occupation, he suffers at intervals with severe headache, and considering the injury and its apparent results and the pain suffered by him and loss of time and expenses, we think one thousand dollars would be a minimum allowance. Ferringer vs. Crowley Oil Co., 122 La. 441, 47 So. 763; Jones vs. Tremont Lumber Co., 139 La. 616, 71 So. 862; Quintell vs. Ferren, 147 La. 153, 84 So. 570.

The employer of defendant, through an insurance carrier, United States Fidelity & Guaranty Company, paid plaintiff compensation for loss of time and his hospital and physicians' fees, amounting to one hundred forty-two and 17-100 dollars, and the insurance company filed an intervention asking for judgment against defendant for that amount, to which plaintiff has not made any objection, and the allowance will be made from the judgment awarded plaintiff.

It is therefore ordered that the judgment appealed from be reversed and that plaintiff, B. E. Kelly, have and recover judgment against defendant, J. W. Ludlum, in the sum of eight hundred fifty-seven and 83-100 dollars, with legal interest from date, and that the intervenor, United States Fidelity & Guaranty Company, have and recover judgment against the defendant, J. W. Ludlum, in the sum of one hundred forty-two and 17-100 dollars, with legal interest from date, and that the defendant pay all cost of suit.

ODOM, J. I dissent from the majority opinion in this case. It is not held that the driver of the automobile was negligent in the operation of the car by exceeding the speed limit, by failure to slow down or by failing to give a warning signal.

The facts show and it is held that if the pedestrian had kept his course over on the right hand side of the road, he was in no danger. But he suddenly, and apparently without any reason whatever, stepped two feet out into the road directly in front of the car when it was so close upon him that the accident was unavoidable. This sudden move, without looking back, was gross negligence. The driver of the car had a right to assume that the pedestrian, who was walking straight ahead in a safe place on a country road, would keep his course and stay in a safe place and would not, without looking back, make a sudden move toward the center of the road in the track of passing cars.

I think this negligence on the part of the pedestrian was the proximate, if not the sole cause of the accident.

It is held that the driver of the car was guilty of negligence in not allowing a greater margin of safety. There was ample margin of safety, and the pedestrian would not have been injured if he had been ordinarily prudent. He was not frightened by the sudden approach of the automobile. He says he did not hear the signal and does not explain why he stepped out into the road.

But if it be held that the driver of the car was guilty of some negligence, it must be conceded that the negligence was very slight. I think, conceding that defendant was guilty of some negligence, the plaintiff's contributory negligence in suddenly stepping out into the road is such as to bar recovery.