## No. 11,772.

### Orleans

## WILLIAM P. ROSS, INC., v. CORCORAN

(March 4, 1929. Opinion and Decree.)
(March 18, 1929. Rehearing Refused.)

L. R. Hoover, of New Orleans, attorney for plaintiff, appellee.

Henry & Cooper and A. M. Suthon, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff's president was driving its old Hupmobile on the upper side of Melpomene Street towards the river. Defendant's truck, in charge of a negro chauffeur, was being driven down Howard Street on the right side. The two vehicles met in collision at the corner of Melpomene and Howard Streets and plaintiff's car was severely damaged. Defendant admits its driver was negligent in that he was driving at too fast a rate of speed, but contends that plaintiff's car failed to accord to defendant's truck the right of way, as it should have done under the city traffic ordinance. Under the ordinance Howard Street is given the right of way over all streets between Calliope Street and Napoleon Avenue. The ordinance provides, however, that boulevards are right of way streets. We do not believe that it was intended to classify Melpomene Street as a boulevard. It consists of two very narrow driveways, separated by a wide canal, and we see no reason why vehicles on it should be given the right of way over other streets.

It is quite true that the mere fact that one car is entitled to the right of way over

another does not free the one having the right of way from all obligation to use care, and it is also true that, even if one has the right of way, it cannot on that ground escape responsibility for running headlong into another car already in the intersection. But the evidence here leaves us satisfied that both reached the intersection at about the same time, as the left front wheel of the truck struck the right front fender of the other car.

The admission of defendant's president, who was driving the car, that he had slowed down to fifteen miles an hour, and the testimony as to long skidmarks leading to plaintiff's car after the collision indicate that defendant's truck was not accorded the right of way to which it was entitled. Its driver, therefore, was at fault, and, since this fault was. a contributing cause of the accident, plaintiff cannot recover.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there be now judgment dismissing plaintiff's suit.