No. 11,891

Orleans

——

BAQUIE  v.  MERAUX

——

(June 24, 1929.  Opinion and Decree.)

——

James G. Schillin and Wm. J. O'Hara, of New Orleans, attorneys for plaintiff, appellee.

Eraste Vidrine and M. E. Schaefer, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff sues the defendant for damages for physical injuries which she suffered by reason of being run into by the automobile of defendant, which was being driven by his daughter. There was judgment below for $3000 and defendant has appealed. Plaintiff has answered the appeal, asking that the amount be increased to $5000.

The plaintiff, Miss Olivia Marie Baquie, with three other female companions, were walking on the right side of the St. Bernard highway in the direction of the City of New Orleans. The defendant and his daughter were driving along the same highway in the same direction, and, as they reached a point upon the road near the "Pakenham Oaks," and just below the city, ran into and injured the plaintiff.

The defense is, first, a denial of responsibility upon the ground that defendant was neither the owner nor the driver of the automobile at the time of the accident; secondly, a denial of negligence on the part of his daughter, and, in the alternative, a plea of contributory negligence.

The first defense is based upon the averment that the car which caused the injury was the property of defendant's daughter, a young woman twenty-four years of age, having been given her by her father shortly after its purchase. The evidence in support of this contention consists of the statement of the father and daughter to that effect. It is admitted, however, that the car was bought by the father, paid for by him, registered and insured in his name, and that he rode in and drove the car when it pleased him to do so. At the time of the accident it was being driven in defendant's service by his daughter. Defendant has failed to establish to our satisfaction that he was not the owner of the car. Miss Meraux testifies that she was driving very slowly —ten or fifteen miles per hour she estimates her speed to have been—that she was constantly blowing her horn, and, as she neared the young women, she slackened her speed to five miles per hour and could have stopped, but did not do so for the reason that plaintiff and her companions started to move off the roadway and out of her path, and would not have been hit by the car if plaintiff had not suddenly reversed her steps and moved quickly to the left and in the path of the automobile. Plaintiff, corroborated by her three companions, testifies that she was not aware of the approach of the automobile until just before it struck her, when the horn was blown and she heard one of her companions shout a word of warning to her.

The accident happened on December 14, 1926, at about 1:00 p.m. The road was straight and the weather clear. The group with which plaintiff was walking could be plainly seen, and were seen by Miss Meraux, long before she reached the scene of the accident.

When the driver of an automobile sees four pedestrians walking along the highway in front of him, it is his duty to take extraordinary care to prevent injuring them, and he must take reasonable precautions to make certain that the pedestrians are aware of his approach. The duty of care rests more heavily upon the motorist than the pedestrian. The degree of care necessary to be exercised must be commensurate with the danger involved.

"The rule of reasonable precaution which the law enjoins upon a driver of an automobile upon a public highway includes the necessity of making certain that foot passengers are aware of the rearward approach of the vehicle; that the vehicle itself is at such a distance from the pedestrian as to avoid running over him in his sudden panic from surprise at knowledge of its unexpected approach; and finally, that the vehicle is under such control as that it may be stopped promptly."

Berry on Automobiles, 6th Ed., Vol 1, page 293.

In Weidner vs. Otter, 171 Ky. 167, 188 S. W. 335 (1916), it was held that:

"It is a familiar rule in the law of negligence that the care to be exercised must correspond with the capacity to injure, and accordingly the automobilist is under a much higher degree of care to look out for the pedestrian than the pedestrian is to look out for the automobilist. The pedestrian cannot merely by the manner in which he uses the street harm the automobilist, but the automobilist may by his manner of using the street kill the pedestrian; and so, generally speaking, the pedestrian is only required to look after his own safety, and not the safety of others, while the automobilist must look out for the safety of the pedestrian rather than his own."

We are not satisfied that sufficient warning was given of the approach of the Meraux car. In any event, we are convinced that, if the horn was blown at intervals, as claimed, it was not heard until just before the plaintiff was run into. If she exhibited confusion and darted, first one way and then the other, her actions in that regard, even though she ran directly across the path of the automobile, cannot be regarded as contributory negligence for the reason that, in the emergency created by the unexpected appearance of the automobile she could not be expected to exercise the same degree of judgment as one not subject to the fear of sudden disaster. Blashfield's Cyclopedia of Automobile Law, Vol. I, page 597.

If the Meraux car had been driven as slowly as it is said to have been, the accident could have been easily avoided by stopping the automobile altogether, until the safety of the four pedestrians was assured. In Jacoby et ux. vs. Gallaher, 10 La. App. 43, 120 So. 888, a case involving injury to a child, we said:

"In the country the public roadway is shared by vehicles and pedestrians and there is no impropriety, nor is there any negligence implied, in the practice of country residents walking along the side of the road. The highway is intended for their use as well as for the use of automobiles. Consequently, when a motorist observes pedestrians on the roadway he must be careful not to injure them. It is his duty to give warning of his approach and to keep his automobile under control. This is true in the case of adults, but in the case of children, extraordinary precaution is necessary."

See also Kelly vs. Ludlum, 9 La. App. 57, 118 So. 781.

Plaintiff's injury was to her spine. The coccyx and the sacrum, which, we are informed by the medical testimony in the record, are the two bones which form the caudal extremity, were fractured and,

at the time of the trial had not been satisfactorily repaired, due to the fact that plaintiff has declined to submit to an operation. She describes her suffering as intense and varied. For example, she says:

"My bladder is affected, my vagina is affected, my rectum is affected. I have a constant sticking and burning and itching sensation. It does not leave me one moment at work or taking a drive for pleasure, or anything I do. This thing is with me, just like a constant aching tooth that aches all the time, and it has just about got my nerves all to pieces. Some day I know it is going to be an operation, because I am not going to be able to stand this constant misery."

All of the symptoms she describes are subjective and must largely be taken on faith. Nevertheless, we are convinced that her injuries are serious. It must be borne in mind, however, that in awarding damages for physical injuries, it is impossible to compensate claimants on a quid pro quo basis. The result is, as we are often reminded, that an apparent inconsistency exists in the amounts allowed under circumstances nearly similar. The cases in this jurisdiction and, we fear, in others, cannot be reconciled. Each case in this respect must very largely justify itself. Plaintiff is a midwife by occupation and as a result of the accident her earning capacity was considerably impaired. She has incurred an expense for medical services amounting to about $300. The trial court allowed her $3000, and we will not disturb its finding.

For the reasons assigned the judgment appealed from is affirmed.