**WITTENBERG v. MASSEY**

————

(January 13, 1930. Opinion and Decree.)
(January 27, 1930. Rehearing Refused.)

————

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff, appellee.

W. A. Porteous, Jr., of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This suit grows out of an intersectional collision of automobiles. Plaintiff, the owner of a Packard car, which at the time of the accident was being driven by his son, brought this suit for damages sustained by his car as a result of the collision, and defendant, the owner of the Chrysler automobile, at the time of the accident driven by her son, reconvened and claimed damages for injury to her automobile. The trial court dismissed both the main and reconventional demands. The defendant alone has appealed.

The collision occurred at the intersection of Hurst street and Henry Clay avenue. The driver of the plaintiff's car had the right of way under the traffic ordinance, because he was on Hurst street, a street with a double car track, at that time traversed by street cars, though presently not so used. He contends that his car, the Packard, entered the intersection at approximately the same time as the Chrysler, which was on Henry Clay avenue, and that, in view of the fact that he had the right of way, the driver of the Chrysler car should have permitted him to cross the intersection. On behalf of the driver of the Chrysler car it is contended that he had arrived at the intersection an appreciable time before the Packard car and had almost traversed the crossing, when the Packard car, proceeding at great speed, struck his car near the rear wheel.

We are referred to the numerous decisions of the Supreme Court and of this court in which the statement is made that, upon questions of fact, the conclusion of the trial court will not be lightly disturbed, and it is pointed out that in this case the court below, in denying recovery to both plaintiff and defendant, must necessarily have resolved the conflicting testimony adversely to both and reached the conclusion that each driver was at fault. It seems to us, however, that in this case the court fell into manifest error, for, as we appreciate the testimony, the Chrysler car had entered the intersection before the Packard, and the accident was due entirely to the excessive speed at which the Packard was being driven. Marshall v. Freeman, 10 La. App. 12; Griffin v. Chalmette Laundry & Dry Cleaning Co., 8 La. App. 146; Wm. P. Ross, Inc., v. Corcoran, 10 La. App. 305. The Chrysler was traveling in a direction from the lake towards the river, on Henry Clay avenue, and the Packard from Canal street in the direction of Audubon Park, on Hurst street. The point of contact was near the uptown river corner, the front of plaintiff's car striking defendant's car in the rear. The testimony of the driver of plaintiff's car as to his speed is unconvincing. He says that he was traveling twenty miles an hour and

that he had reduced his speed, prior to the collision, to ten miles. Several witnesses testified that the plaintiff's car skidded along the pavement for a distance of 48 feet, which was stepped off after the collision. The presence of these skidmarks on the pavement would indicate that the Packard was traveling at a much greater speed than 10 miles an hour at the time of the impact; but when it is considered that the Packard car came to rest on the lawn in front of Dr. Unsworth's house, which is on the upper river corner of the intersection, after having surmounted a 10-inch curbing, the conclusion is irresistible that the Packard car had been traveling very fast, for, notwithstanding the efforts to check its speed, as indicated by the skid-marks, it had acquired sufficient momentum to jump the curbing before coming to rest on Dr. Unsworth's lawn. The fact that the driver of the Packard had the right of way will not excuse his reckless speed. As we have heretofore observed, the city streets are not race courses. Vance v. Poree, 5 La. App. 109; Bagert v. Maestri et al., 11 La. App. 368, decided November 13, 1929; Schlesinger v. Foote, No. 13125 of the docket of this court, this day decided.

There is no dispute as to the amount of damages suffered by defendant's car, which she places at the sum of $298.50. The claim of $150 for "the use of the car for 30 days at $5.00 a day" will not be allowed, as there is no proof in the record to sustain it.

For the reasons assigned the judgment appealed from is reversed insofar as it dismisses the reconventional demand of defendant, and it is now ordered that there be judgment in favor of Augusta Elmer Massey, defendant, and plaintiff in reconvention, and against James Wittenberg, plaintiff herein, in the full sum of $298.50, with legal interest from judicial demand and all costs. In all other respects the judgment appealed from is affirmed.

JANVIER, J., takes no part.