**VANDEVENDER v. NEW IBERIA & N. R. CO.**

No. 1476.

Court of Appeal of Louisiana. First Circuit.

June 29, 1935.

Porteus R. Burke, of New Iberia, for appellant.

Rene H. Himel, of Franklin, for appellee.

ELLIOTT, Judge.

Van Vandevender claims of New Iberia & Northern Railroad Company the sum of $600 as the value of an automobile belonging to him which he alleges was destroyed by fire. The fire is alleged to have resulted from the negligence and fault of the defendant in failing to keep the crossing, where it crosses a highway, in the condition prescribed by the Revised Statutes of Louisiana of 1870, § 691, amended by Act No. 157 of 1910.

The defendant appeared and urged as an exception to plaintiff's suit that his petition set forth no right or cause of action. The plaintiff was permitted by the court to file an amended and supplemental petition. This was done before the court ruled on the exception. The court then overruled the exception, upon which the defendant then answered the petition.

The failure and neglect urged against defendant is denied in the answer. Defendant denies liability, and alleges that plaintiff himself was at fault and responsible for whatever happened to his automobile. It alleges that the burning was superinduced by plaintiff's own acts, conduct, negligence, and assumption of risk in endeavoring to negotiate the crossing under the conditions alleged in the petition.

The lower court, assigning reasons, rendered judgment in favor of the plaintiff for $400, with interest and cost. Defendant has appealed.

Defendant filed in this court an exception of no right or cause of action in addition to the one it had filed in the lower court and which had been overruled. Defendant urges that the exception of no right or cause of action filed in this court should be sustained; that the one filed in the lower court should have been sustained and the suit dismissed.

The Revised Statutes of Louisiana, § 691, amended by Act No. 157 of 1910, so far as pertinent, reads as follows: "In all cases where railroads * * * shall cross any highway, the corporation shall so construct the works as not to hinder, impede or ob-

struct its safe and convenient use." The law has reference to the building of railroads which in their course cross highways. The provision is that the railroad is to be so constructed that the use of the highway is not to be hindered, impeded, or its safe use obstructed or made inconvenient. The question presented by the exception is whether the plaintiff alleges that the defendant railroad has failed and neglected its duty in the matter stated. Plaintiff's amended and supplemental petition was filed with the permission of the court. Service of the amended and supplemental petition was accepted and citation waived by defendant, before the lower court ruled on the exception. The amended and supplemental petition must therefore be taken into account in acting on the exception.

 The petition of the plaintiff avers that on or about September 8, 1932, when undertaking to drive his automobile across defendant's railroad at the place where it crosses the public road leading west from the public highway between Franklin and Jeanerette * * *. The road leading out from the highway at the place mentioned is alleged to be a public road; the crossing is therefore one contemplated by the Revised Statutes, § 691, amended by Act No. 157 of 1910. The section of the Revised Statutes uses the word highway.

The Civil Code, art. 705, says: "Public roads are those which are made use of as highways, which are generally furnished and kept up by the owners of estates adjacent to them."

The highway contemplated by the Revised Statutes, and the public road contemplated by the Civil Code are one and the same kind of road. The witness Boudreaux testified that it was a public road, and there is no evidence to the contrary. Defendant does not deny anything alleged by plaintiff in article 4 of his petition, and in answering plaintiff's averment No. 5 the defendant does not deny that the road was a public road, and that there is no controversy on that subject. The petition also alleges that the railroad crosses the highway, meaning that the highway existed when the railroad was constructed. The briefs of the parties indicate that this is not a matter of controversy. Defendant contends that plaintiff's petition in the matter of hindering, impeding, and obstructing the safe and convenient use of the road urges

conclusions of law and fact, rather than essential averments of fact on that subject. We think the petition sets forth all facts necessary in setting forth a right and a cause of action against the defendant. Defendant urges that the petition alleges that it rained and that the crossing was made slippery, hindered, impeded, or obstructed, and its use made inconvenient and unsafe as a result of the rain. Defendant's theory is that it appears from the petition that the acts of the railroad in the matter of the construction and maintenance of the crossing were not the cause of the accident, but that it was caused by the rain; that according to the petition the rain was the active and intervening cause of the accident, and for which the railroad cannot be held responsible—citing Mire v. East La. R. R. Co., 42 A. 385, 7 So. 473. This position is not well taken, because the averments of the petition when taken together allege that the destruction of the car resulted from the fault and neglect of the railroad in the construction and maintenance of this crossing.

We think the exception filed in the lower court was properly overruled. The exception filed in this court is likewise overruled.

The plaintiff testifies to the bad condition of the crossing. E. A. Boudreaux corroborates him. A. M. Darcey, roadmaster of the defendant railroad, testifies that he was at the place four or five days after the accident and that the crossing was rough and bad.

The plaintiff testifies that when the front wheels of his automobile bumped over the first rail of the railroad on the side which he approached, that his wheels dropped down into a cavity to such a depth that the battery box under his automobile rested on the rail.

Jack Thibodaux, an automobile mechanic, gave it as his opinion that this contact between the battery box and the rail created a short circuit which produced the fire. This testimony is not contradicted. E. A. Boudreaux testifies that he reached the place while plaintiff's automobile was burning, and that the battery box rested on the rail.

Mr. Darcey, roadmaster, testifies that the automobile in which he visited the scene was driven over the crossing, and that there was a clearance of about five inches between the battery box and the rail,

but it does not appear that the front wheels of his automobile dropped into the same rut or cavity after going over the first rail, into which the wheels of plaintiff's car had dropped.

Defendant called another witness who testified that she had driven an automobile over the crossing shortly after the accident, and that she had no difficulty in crossing the railroad, but her testimony does not indicate that the wheels of her automobile, after going over the first rail, dropped into the same rut into which the plaintiff's had dropped, after passing over the rail.

Defendant called another witness who testified that the battery box on an automobile of the type of the plaintiff's was situated so far back from the front wheels that it could not reach the rails. It is our conclusion that the positive testimony of the plaintiff and of the witness Boudreaux is not overcome by the opposing testimony offered by the defendant.

In Darby v. N. O., T. & M. R. Co., 139 La. 213, 71 So. 490, the syllabus reads as follows: "Under section 691 of the Revised Statutes of 1870 as amended by Act No. 157 of 1910, railroads are charged with the duty of constructing and maintaining their crossings (including approaches) over public roads, so as not to hinder, impede, or obstruct the safe and convenient use of the highways, and are responsible in damages to travelers injured by reason of the bad condition of such approaches, resulting from want of proper repairs." Jones v. Tremont Lumber Co., 139 La. 616, 71 So. 862, and other cases are to the same effect.

■■ As heretofore stated, plaintiff did not lose his automobile as a result of the bad crossing approach nor to the fact that it was slippery after the rain and had ruts in it. The fire and loss were due to the fact that, after the front wheels had passed over the first rail as it came to the railroad, they dropped into a rut or cavity so deep between the rails that the battery box rested on the rail the front wheels had passed over, forming a contact which caused a short circuit which produced the fire. The cavity between the rails was not likely due to the rain or other cause of that kind, but to a lack of filling in with dirt. The rain therefore did not produce the condition which caused the loss. But suppose otherwise; under the decisions cited, it was the duty of the railroad to keep the crossing in such condition that it could be used with convenience and safety during a rain or following a rain. We think the fire cannot be otherwise accounted for than as claimed by the plaintiff.

The judgment appealed from is in our opinion correct.

Judgment affirmed; defendant and appellant to pay the cost in both courts.