## HUBBARD v. BOUTERIE.
### No. 16431.

Court of Appeal of Louisiana. Orleans.

Nov. 4, 1936.

O. S. Livaudais, of New Orleans, for appellant.

E. S. Spiro, of New Orleans, for appellee.

WESTERFIELD, Judge.

The plaintiff, Mary Hubbard, was injured as a result of a collision between two automobiles. She brought this suit against the drivers of the two cars and the owner of one of them.

In the district court Victor Bouterie, the driver of one of the automobiles, was held solely responsible for the accident and a judgment was rendered against him in the sum of $700, from which judgment he prosecuted this devolutive appeal.

Upon the trial of the case in this court Bouterie's counsel conceded liability, but contended that the amount awarded plaintiff by the judgment was excessive.

The plaintiff's injuries are described by the learned judge of the trial court, in his reasons for judgment, as follows:

"The evidence shows conclusively there were no bones broken, no ligaments torn. It was simply a question of contusions and brush burns. There were no lacerations on the arm. The Doctor testified it was a brush burn, a skinning of the arm and on the knee and ankle it was the same thing. The blow on the knee and ankle and on the back were sufficient to produce contusions and the brush burns are almost negligible.

"The evidence is, the ankle swelled and the knee swelled and she complained of pains resulting from the blow to her back, which the Doctor testified to, which caused the physician to strap her to create immobility and relieve the pain and under those circumstances I think an allowance of $700.00 would be about right."

In our opinion the amount awarded plaintiff is excessive.

"While there is no fixed standard of damages, there must be some uniformity." Joynes v. Toye Bros. Auto & Taxicab Co. Inc., 11 La.App. 124, 125, 119 So. 446, 450.

See, also, Jones v. Tremont Lumber Co., 139 La. 616, 621, 71 So. 862; Williams v. Lumber Co., 125 La. 1087, 1088, 52 So. 167, 136 Am.St.Rep. 365, 19 Ann.Cas. 1244; Rice v. Crescent City R. Co., 51 La.Ann. 108, 24 So. 791 and McMahon v. New Orleans R. & L. Co., 127 La. 544, 53 So. 857, 32 L.R.A.(N.S.) 346.

We believe the judgment should be reduced to $250. Compare Angermeier v. Giarratano, 7 La.App. 355; Liddell v. Lex, 8 La.App. 13; Arceneaux v. Teche Lines (La.App.) 143 So. 533.

For the reasons assigned, the judgment appealed from is amended by reducing the amount awarded plaintiff to $250, and as thus amended it is affirmed.

Amended and affirmed.