86 So.2d 220 (1956)
Thomas C. JACKSON et al., Plaintiffs and Appellants,
v.
FIREMEN'S INSURANCE COMPANY et al., Defendants and Appellants.
No. 4162.
Court of Appeal of Louisiana, First Circuit.
March 20, 1956.
*221 Reid & Reid, Hammond, for plaintiffs-appellants.
Durrett & Hardin, Baton Rouge, for defendants-appellants.
TATE, Judge.
This is a suit for damages caused by a rear-end collision on May 18, 1953. The negligence of the codefendant insured is admitted for purposes of this appeal. The sole matter for our attention is the quantum awarded by the District Court, which defendant-appellants urge is excessive. Plaintiffs appealed devolutively seeking increase in said award.
Special Damages.
Plaintiffs' 1950 Mercury was damaged in the accident. Plaintiff Jackson, husband, *222 sued for this damage, although the car was registered in Mrs. Jackson's name and she referred to it as her car.
Defendant suggests that therefore co-plaintiff Mrs. Jackson was the proper party to bring suit for what might be her personal property by manual gift, andshe not having prayed for such awardthis claim should be non-suited. However, the property was acquired during the marriage, and the evidence in the record is not sufficient to rebut the presumption that therefore it is community property, Article 2234, LSA-Civil Code, Succession of Le Jeune, 221 La. 437, 59 So.2d 446. Thus the husband properly sought recovery in his name for this damage to community property.
The District Court awarded $694.12 property damage to this automobile. This is the average of two estimates of the cost of repairing said car prepared by Audubon Motors of Baton Rouge: (1) initial estimate of $958.05 made at request of plaintiff Jackson on May 22nd, 1953; (2) subsequent estimate of $430.21 made at request of defendants' adjusters on May 28, 1953.
Somewhat corroborative of the first or higher estimate is the repair estimate of another company in the amount of $967.41, and Jackson's testimony that two months before the accident he was offered $1,800 trade-in for the Mercury, but after the accident he received only $1,025 in trade-in value from the same Company. The principal difference in Audubon's repair estimates was that the first, or higher one, included replacement of a bent or twisted frame; while the second one merely involved straightening same, which Audubon's estimator felt in many cases produced satisfactory results.
Of course, repair estimates can properly prove property damage recoverable, even, though the repairs are not made, Woodward, Wight & Co. v. Douglas Public Serv. Corp., La.App. 1 Cir., 75 So.2d 896; Parr v. Rogers, La.App., 71 So.2d 659. Undoubtedly under the testimony herein it was within the discretion of the District Court to award damages based on the higher estimates, as including repair of all the damage sustained by Jackson's vehicle, or on the lower estimate as also including only such necessary repairs (thus, in effect, holding that the straightened rather than replaced frame would restore the automobile to its previous condition).
But it is apparent that, faced with such wide variance in the estimates and convinced that the latter was too low to repair adequately plaintiff's car, while the former unnecessarily included some new rather than used parts, the District Court in the exercise of its discretion took a mean figure which was felt to be fair to both parties, much as was done in Stone v. Commercial Fire & Casualty Co., La.App. 1 Cir., 50 So.2d 327. "In cases where although there is a legal right to recovery, an exact estimation of damages cannot be made, courts have discretion to assess same based upon all the facts and circumstances of the case, see, for instance, Brantley v. Tremont & Gulf Railway Co., 226 La. 176, 75 So.2d 236," Harrison v. Petroleum Surveys, La.App. 1 Cir., 80 So.2d 153, at page 158. We do not find such method of arriving at the damages manifestly erroneous within all the facts and circumstances of this case.
While plaintiffs seek additional medical expenses than those awarded in the amount of $37, the record is barren of proof of the cost of such additional medical expenses.
2. Personal Injuries.
The District Court awarded Mrs. Jackson individually the sum of $2,500 for her personal injuries. Aside from shock, fright, and a severe shaking-up from the hard impact, these injuries principally consisted of a fractured coccyx or tailbone, which Mrs. Jackson testified was severely painful for two months and still occasionally painful on sitting down a date of trial, 17 months later. Dr. Moss Bannerman, orthopedist, examined Mrs. Jackson four times over a period from May to August of 1953, at the *223 end of which time the tenderness was practically gone, although she still complained of pain. Dr. Bannerman testified that pain on sitting may remain as a result of such injury over a period of months, although ultimately the pain will disappear completely. Mrs. Jackson received heat treatments for six weeks and used a support for her lower back during that period. According to Mrs. Jackson and her husband, as a result of the accident she becomes very nervous whenever motor-driving over 35-40 mph.
We do not feel the award to Mrs. Jackson either manifestly excessive or manifestly insufficient. See for instance Attaya v. Zimmerle, La.App. 1 Cir., 83 So. 2d 676; Benoit v. Commercial Casualty Insurance Co., La.App. 1 Cir., 79 So.2d 647; Cascio v. Adler, La.App., 47 So.2d 133; Baquie v. Meraux, 1929, 11 La.App. 368, 123 So. 338. The necessarily somewhat arbitrary determination of a monetary award for pain and suffering may vary greatly according to the facts and circumstances of each suit, and this factual determination of the District Court herein will not be disturbed in the absence of manifest error.
Likewise we do not believe manifestly erroneous its award of $100 to each of the three children (aged 19, 13, and 9) passengers in the vehicle struck, based on nervous shock, fright, and minor bruises or shaking up suffered by them in the accident; although not serious enough to require the attention of a physician and proved by the testimony only of their parents. See Wilson v. Williams, La.App. 1 Cir., 82 So.2d 71, syllabus 9. While plaintiffs seek increase in the award because of alleged persistent headaches suffered by two of these children after the aforesaid accident, such additional suffering is not proved by competent medical or other proof, nor is it so related to the accident.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed at the cost of defendants-appellants.
Affirmed.