**McKinley JANICE, Jr., Appellant,**

v.

**The TEXAS AND PACIFIC RAILWAY COMPANY, Inc., Appellee.**

**No. 25565.**

United States Court of Appeals
Fifth Circuit.

May 29, 1968.

Robert E. Turner, Lake Charles, La., for appellant.

B. Roy Liuzza, Hudson, Potts & Bernstein, Monroe, La., for appellee.

Before TUTTLE and SIMPSON, Circuit Judges, and BREWSTER, District Judge.

TUTTLE, Circuit Judge:

Appellant, as plaintiff in the trial court, sued the defendant, a foreign railroad corporation, alleging negligence in the maintenance of a railroad crossing a state highway, which it had built, causing the upset of plaintiff's automobile, as he drove over the tracks, resulting in serious personal injuries.

The defendant filed a motion for summary judgment, which was granted by the trial court, on the ground that under a "spur track agreement" between the railroad defendant and an industry which the spur track served, the railroad "does not, nor has it ever, owned or exercised any right of control over the crossing."

The appellant here asserts that the trial court's construction of the spur track agreement was erroneous in that the agreement expressly provided for sole operation of the track by the railway, which appellant thus construes as amounting to "control." Moreover, appellant asserts the position that the railway, as the constructing company, had a non-delegable duty, under the Louisiana law, to keep its track across the state highway in a reasonable state of repair, notwithstanding the contractual relationship between the railway and the industrial party which it contracted to serve.

Turning first to the agreement itself, we note that as to that part of the spur track leading up to the highway crossing, the contract provides as follows:

> "The railway shall pay for, own and *maintain* that portion of the above described track from the point of switch at Survey Station 0+00, and the clearance point of Survey Station 1+22."

Then, as to the part of the track which includes the highway crossing, the contract provides as follows:

> "The industry shall pay for, own and *bear the expense of maintaining* that portion of the above described track from the clearance point at Survey Station 1+22 and the end at Survey Station 15+00."

The contract further provides, in clause 5, as follows:

> "During the continuance of this agreement, the railway shall have the right at all times to enter upon the property of the industry for the purpose of constructing, maintaining and operating said track, and it is mutually understood and agreed that said track is to be *operated only by the railway* and it cannot be used by any other railroad without the written consent of said railway * * *." (All emphasis supplied.)

Moreover, appellant takes the position that regardless of the relationship of the parties as to the obligation for maintenance of the track, as provided for in the written contract between them, the railway is not legally permitted to relieve itself of its liability as the operator of a railway track across a state highway, which is clearly delineated in the Louisiana case of Brandon v. Texas and New Orleans Railroad Co., La.App., 169 So. 254. In that case, in discussing old Section 691 of the Revised Statutes of 1870, which now appears as 45 Revised Statutes, § 324,[1] the court said:

> "Act No. 157 of 1910, amending Section 691 of the Revised Statutes, requires railroads to *keep* the crossings over public highways in such condition as not to hinder, impede, or obstruct its safe and convenient use of such highways. A failure on the part of a railroad to *keep* such crossing in repair thereby causing injury to a traveler on such road, renders the railroad liable in damages. Darby v. New Orleans, T. & M. R. Co., 139 La. 213, 71 So. 490; Jones v. Tremont Lumber Co., 139 La. 616, 71 So. 862; Vandevender v. New Iberia & N. R. Co., La.App., 162 So. 601. The duty *to keep the crossing in repair is a continuing duty* on the railroad to be discharged whenever the condition of the crossing is in need of repair in order for it to be safe and convenient to the traveling public. Darby v. New Orleans, T. & M. R.R. Co., supra; Corpus Juris, Vol. 52, par. 1778, p. 182." (Emphasis added.)

It is thus clear that where a railroad such as that involved here constructs a track across a state highway, over which it retains the sole right of operation of its trains, it has a continuing "duty to keep the crossing in repair * * * to be discharged when-ever the condition of the crossing is in need of repair in order for it to be safe and convenient to the traveling public." Brandon v. Texas and New Orleans R.R. Co., 169 So. 254, 257.

We are not concerned here with the ultimate obligation to pay for the cost of this repair work, if proof should establish the fact that repair work was necessary to keep the crossing in safe condition. It appears from the contract that the cost of such maintenance may be cast on the industry involved, but that is a different matter. The plaintiff in this action is not relegated to his suit against the industry rather than against the railway under the statutory obligation to keep the crossing in repair.

It was error for the trial court to grant the motion for summary judgment. The case is remanded to the district court for further proceedings not inconsistent with this opinion.

---

1. § 324. Railroads, tramroads, dirt or plank roads not to obstruct highways or impede drainage or navigation

   Where railroads, tramroads, dirt or plank roads cross any highway, the corporation shall so construct the works as not to hinder, impede or obstruct its safe and convenient use * * *"