MILLER, Judge.
Allstate Insurance Company appeals contending that the $5,000 awarded for a lum-bosacral sprain and a fractured coccyx was excessive. Mrs. Mathews answered the appeal contending that the award was inadequate.
Mrs. Mathews was a guest passenger in an automobile insured by Allstate. Liability is not contested. Neither is the award of $1,197.26 ($798.50 medical and $398.76 for loss of earnings) to Mr. Mathews.
The accident occurred on January 28, 1969. Mrs. Mathews was taken to the Hospital emergency room, x-rayed and released with oral medications. The next day she went to the office of Dr. Clifton E. Harris, general practitioner of Pineville. On the basis of additional x-rays and reports of radiologists, Dr. Harris hospitalized Mrs. Mathews and treated her for a lumbosacral sprain. Because her complaints grew more severe, Dr. Harris called in Dr. D. M. Kingsley on February 6th.
Dr. Kingsley diagnosed a lumbosacral sprain and found a large area of hemorrhage over the left sacroiliac joint to the upper sacrum. Additional x-rays revealed a definite fracture of the coccyx with displacement of about fifty percent of the width of the coccyx bone.
*441 Dr. Kinglsey reduced the fracture by physically manipulating the fractured bone and pulling it back into position and jamming it at the rough broken area. He prepared plaintiff for this operation by applying a local anesthesia to the tissues around the coccyx, a highly sensitive area full of nerves and located very near the .rectum. He then inserted his finger in plaintiff’s rectum, grasped the fractured bone and pulled it back in position, a process which took about thirty minutes and which improved the fracture fifty percent.
Two days later plaintiff was released from the hospital. She was restricted to her bed (with bathroom privileges) for an additional ten days.
Dr. Kingsley testified that Mrs. Mathews was having considerable pain when she was discharged from the hospital and prescribed Empirin Compound with Codeine, Demerol and some barbituary medicines to alleviate pain. Dr. Kingsley saw her on February 24, March 7, April 11 and April 21. There was no longer any displacement. She complained of pain on each of these visits; a throbbing pain in the involved area when sitting an hour or so and when driving or riding for a period of as much as thirty minutes.
On February 25, 1969, plaintiff returned to work as an interviewer at Central Louisiana State Hospital. Dr. Kingsley thought that she would suffer no more while working than she would at home. In his opinion the pain would continue for as much as a year.
At the October 29, 1969 trial, the trial judge was impressed that plaintiff was then unable to “sit for any long period of time.” She had to sit in a hard chair and to sleep on a hard bed. On trips she had to get out to rest approximately every fifty miles. The area of the coccyx remains tender and makes plaintiff cautious not to bump against hard objects.
Defendant appellant cites Humphries v. Delta Fire & Casualty Company, 116 So.2d 130 (La.App. 1 Cir. 1959); Jackson v. Firemen’s Insurance Company, 86 So.2d 220 (La.App. 1 Cir. 1956); and Craig v. Burch, 228 So.2d 723 (La.App. 1 Cir. 1969).
Plaintiff-Appellee distinguishes these cases and relies on Ellis v. Kolb, 196 So. 89 (La.App. Orls. 1940); Ransom v. Kreeger Store, 158 So. 600 (La.App. Orls. 1935) ; and Johnston v. Peerless Insurance Company, 159 So.2d 415 (La.App. 2nd Cir. 1963).
An award of $5,000 to Mrs. Mathews is neither excessive nor inadequate. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 at 132 (1967); Ballard v. National Indemnity Company, 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
The judgment of the district court is affirmed at defendant’s costs.
Affirmed.